**FILED**
**JANUARY 30, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA FINEGAN,<br><br>        Plaintiff,<br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br><br>        Defendant. | **08 C 674**<br><br>Case No. _____<br><br>_____<br>U. S. District Court Judge<br>**JUDGE KENDALL**<br>**MAGISTRATE JUDGE VALDEZ**<br><br>**J. N.** |

### DEFENDANT'S NOTICE OF REMOVAL OF CAUSE

Defendant, The Prudential Insurance Company of American ("Prudential"), pursuant to 28 U.S.C. §§1441, 1446 and the Local Rules of the United States District Court for the Northern District of Illinois, notifies this Honorable Court that the above-entitled cause has been removed from the Circuit Court of Cook County, Illinois, and in support of said notice states as follows:

### BACKGROUND

Plaintiff Patricia Finegan ("Plaintiff") commenced this action by filing and then serving a copy of the Summons and Complaint on the Illinois Department of Financial and Professional Regulation, Insurance Division on October 5, 2007. (A true and correct copy of the Complaint is attached hereto as **Exhibit A.**) The Complaint seeks an award of long term disability benefits and undetermined damages allegedly arising out of Prudential's denial of Plaintiff's claim under a group long term disability insurance policy issued to the Chicago Board of Education underwritten by Prudential. Plaintiff also seeks a declaratory judgment as to Plaintiff's continued entitlement to disability benefits under the Policy and an award of a statutory penalty and attorneys' fees under Section 155 of the Illinois Insurance Code. The Complaint does not specifically set forth the amount of any relief sought and was not removable on its face. *See*

462094.1

*Atteberry v. Esurance Ins. Serv.,* 473 F. Supp. 2d 876 (N.D. Ill. 2007). Prudential denies that it is liable to Plaintiff for any of the relief sought in the Complaint.

On December 20, 2008, Prudential filed its answer and affirmative defenses to Plaintiff's Complaint. (A true and correct of the answer is attached hereto as **Exhibit B.**)

On or about January 16, 2008, counsel for Prudential received e-mail correspondence from Plaintiff's counsel Mark D. DeBofsky, confirming that Plaintiff seeks the entire value of the Policy by requesting a lump sum in excess of $75,000 in settlement of this matter.

## GROUNDS FOR REMOVAL

**A.     This Court Has Diversity Jurisdiction Over This Matter.**

A state court action may be removed to a Unites States District Court where such District Court has original jurisdiction. 28 U.S.C. §1441. In the present matter, original jurisdiction exists pursuant to 28 U.S.C. §1132, which provides in pertinent part:

> \*\*\*
>
> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
> \*\*\*
>
> (1)     Citizens of different States[.]

28 U.S.C. §1132(a)(1)

Based on Plaintiff's counsel's settlement demand letter, the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000), and this action is between citizens of different states.

### 1.     *The Amount in Controversy exceeds $75,000*

Receipt of any "other paper, through service or otherwise, from which it may first be ascertained that the case is one which is or has become removable" triggers the 30-day removal

period pursuant to 28 U.S.C. §1446(b). The Eighth Circuit in *In re* Willis, 228 F.3d 896 (8th Cir. 2000) explained as follows:

> We find the thirty-day time limit of Section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount. This rule 'promotes certainty and judicial efficiency by not requiring courts to inquire into what particular defendant may or may not subjectively know.' Further, this rule prevents a plaintiff from disguising the amount of damages until after the thirty-day time limit has run to avoid removal to federal court. We therefore grant the petition for mandamus and direct the district court to reassume jurisdiction of the case and reinstate the case on its docket.

*Id.*

What constitutes "other paper" in accordance with 28 U.S.C. §1446(b) has been developed judicially. Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify. *See Wilson v. Gen. Motors Corp*., 888 F.2d 779, 780 (11th Cir. 1989) (responses to request for admissions); *Addo v. Globe Life & Accident Ins. Co*., 230 F.3d 759, 761-62 (5th Cir. 2000) (settlement offers) *Akin v. Ashland Chem Co.,* 156 F.3d 1030, 1036 (10th Cir. 1998) (interrogatory responses); *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996) (deposition testimony); *Williams v. Safeco Ins. Co*., 74 F. Supp. 2d 925, 929 (W.D. Mo. 1999) (demand letters); *Callahan v. Countrywide Home Loans, Inc.,* No. 3:06-105, 2006 U.S. Dist. LEXIS 42860, 2006 WL 1776747, at *3-*4 (N.D. Fla. June 26, 2006) (email estimating damages).

In *Addo*, the plaintiff filed a lawsuit in state court against a life insurance carrier arising out of denial of a claim for death benefits. *Addo*, 230 F.3d at 759. The complaint asked for $5,000 in actual damages, which represented her face value of the policy, and punitive damages "not to exceed $65,000." *Id.* at 760. One month later Addo sent a letter to the defendant offering to settle the claim for $250,000. *Id.* Several months later defendant served interrogatories, asking the plaintiff to confirm that her claim did not exceed $75,000. *Id.* When

3

Addo refused to respond, the defendant removed the case to federal court. Addo sought remand arguing the removal was untimely. *Id.* The district court denied Addo's motion and eventually granted a motion for summary judgment in favor of the defendant. *Id.* On appeal, in a case of first impression, the Fifth Circuit held that the demand letter constituted "other papers" within the meaning of the removal statute and that the removal was timely. *Id.* at 762 (""post-complaint letter, which is not plainly a sham, may be 'other paper' under Section 1446(b) [this]is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit.")

Settlement demand letters are "other paper" within the meaning of Section 1446. *See Morrow v. DaimlerChrysler Corp.*, 451 F. Supp. 2d 965 (N.D. Ill. 2006); *see also In re Willis*, 228 F.3d 896 (8th Cir. 2000) (per curiam) (following the reasoning in *Archer,* The Court held that plaintiff's demand letter was sufficient to put the defendant on notice of the amount in controversy thereby triggering the thirty-day requirement of 28 U.S.C. §1446(b)); *Moody Motor Co. v. RFJ Agencies, Inc.,* No. 8:06CV751, 2007 U.S. Dist. LEXIS 11099 (D. Neb. Feb. 12, 2007) (discussing the use of a settlement demand letter for purposes of removal, the Court held that "[i]n support of this position, the *Archer* court noted 'a pre-suit demand letter may be considered an 'other paper' from which defendants can determine the amount in controversy under 28 U.S.C. § 1446(b).' *Id.* at 1324 (*citing Central Iowa Agri-Sys. v. Old Heritage Adver. & Publishers, Inc.*, 727 F. Supp. 1304, 1305-06 (S.D. Iowa 1989)); *LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839 (S.D. Iowa 2005) (removal based on interrogatory answer deemed untimely because previous settlement demand in a claim for long term disability benefits under a group insurance contract already indicated that amount demanded by Plaintiff exceeded requirement for amount in controversy); *Efford v. Milam*, 368 F. Supp. 2d 380, 385 (E.D. Pa. 2005);

*Kreinbring v. Alternative Claims Serv, Inc.*, 2004 U.S. Dist. LEXIS 10025 (N.D. Iowa May 27, 2004) (The demand letter for $150,000 "was sufficient to trigger the 30-day time period."); *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 200-201 (D. Conn. 2004) ("Although the Second Circuit has not addressed this issue, most courts have held - and this Court agrees - that Section 1446(b) is not limited to papers filed in litigation and that the reference to 'other paper' in the statute can include pre-removal correspondence between the parties, including, as here, settlement offers."); *Hall v. Delta Air Lines, Ins.*, 340 F. Supp.2d 596, 599 (D. V.I. 2004) ("Correspondence between counsel, including a settlement demand letter, may constitute an 'other paper' upon which removability can be based under Section 1446(b)."); *Archer v. Kelly*, 271 F. Supp.2d 1320, 1322 (N.D. Okla. 2003) (demand letter disclosing that plaintiff's claimed damages exceed the jurisdictional minimum was sufficient proof of the amount in controversy, regardless of the fact that defendant rejected the offer); *Martin v. Mentor*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendants may use a variety of documents, including a written settlement demand, as an 'other paper' under 28 U.S.C. §1446(b) to determine if the case is removable.").

Here, Plaintiff's settlement demand in excess of $75,000 removed any uncertainty as to whether she claims or seeks future benefits -- either under a repudiation theory or otherwise. Accordingly, Prudential filed its notice of removal within 30 days of the date of Plaintiff's settlement demand.

### 2.   *This Action is between Citizens of Different States.*

For diversity purposes, an individual is a citizen of his place of domicile. *Pallazzo v. Corio*, 232 F. 3d 38, 42 (2d Cir. 2000). It is well established that the place where a person lives is *prima facie* evidence of domicile. Here, Plaintiff filed her complaint in Cook County, Illinois

and alleges that she resides in Chicago, Illinois. (Ex. A at ¶2) As such, for diversity purposes, she is a citizen of the State of Illinois. Prudential, a corporation, "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1132(c)(1). Prudential is a corporation organized under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

Accordingly, complete diversity between the parties existed at the time Plaintiff filed her Complaint and diversity jurisdiction exists now.

## CONCLUSION

For all of the above reasons, this Court has original jurisdiction over this action under 28 U.S.C. §1332. Prudential is entitled to remove this action to this Court pursuant to 28 U.S.C. §§1332, and 1441. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is filed with this Court within thirty (30) days after this case became removable.

WHEREFORE, Defendant The Prudential Insurance Company of America, notifies that this cause has been removed from the Circuit Court of Cook County, Illinois and removed to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §1446 and the Local Rules of the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

By:    /s/ Edna S. Bailey
         One of its attorneys

Daniel J. McMahon
Edna S. Bailey
WILSON, ELSER, MOSKOWITZ,

6

462094.1

   EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550
(312) 704-1522
edna.bailey@wilsonelser.com

462094.1

## CERTIFICATE OF SERVICE

  The undersigned, an attorney, hereby certifies that on January 30, 2008, a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following:

***Attorney for Plaintiff***
Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 West Monroe Street
Suite 2440
Chicago, IL 60603
(312) 372-5200
Email: mdebofsky@ddbchicago.com

  Parties may access this filing through the Court's system.

              */s/ Edna S. Bailey*
               Edna S. Bailey