Attorney No. 30819
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

08 C 674
JUDGE KENDALL
MAGISTRATE JUDGE VALDEZ

J. N.

PATRICIA FINEGAN, )
) 
Plaintiff, )
)
v. ) No.
)
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
)
Defendant. )

## COMPLAINT

Now comes the Plaintiff, PATRICIA FINEGAN, by her attorneys, MARK D. DE BOFSKY, DALEY, DE BOFSKY & BRYANT, and complaining against the defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, she states:

### Count I

### Nature of Action

1. This is a claim for breach of a contract of long term disability benefits claim issued by the defendant to the plaintiff's employer, the Board of Education for the City of Chicago, to provide monthly disability income benefits to employees who become disabled. Plaintiff also alleges that defendant is guilty of unreasonable and vexatious delay in its refusal to pay disability income benefits to the plaintiff, and that plaintiff is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

### The Parties

2. Patricia Finegan (Finegan) (Claim No. 10754659) is and was a resident of Chicago, Illinois at all times relevant hereto, and the events, transactions, and occurrences relevant to Finegan's claim of disability took place within Cook County, Illinois.

3. The defendant, Prudential Insurance Company of America (Prudential), is an insurance company authorized and engaged in insurance business in the State of Illinois and in Cook County at all times relevant hereto.

### *Statement of Facts*

4. For in consideration of premiums paid, Prudential issued the Board of Education for the City of Chicago (the Board) a group policy of long term disability (LTD) insurance (No. 93593 ) providing for payment of monthly indemnity at a rate equal to 60% of monthly earnings in the event an employee of the Board becomes "disabled." The policy has remained in full force and effect from the date of its inception. (A true and correct copy of the entire policy of insurance is attached as Exhibit A, and by that reference incorporated herein.)

5. The Board employed Finegan (d.o.b. 12/xx/1950) as a teacher until September 2004, when she ceased working due to ankle joint contracture, severe osteoarthritis, chronic pain, and secondary depression. Due to her condition, Finegan has been unable to perform the material and substantial duties of her occupation, or any other occupation, since September 2004.

6. Subsequent to ceasing her employment, Finegan made a timely claim for benefits under the Policy stating that due to her condition she was entitled to disability benefits based on meeting the Policy's definition of "disabled," which states in relevant part: you are disabled when "you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience; and you are under the regular care of a doctor."

7. Prudential initially approved Finegan's claim for LTD benefits, but terminated payments on March 5, 2005.

8. Finegan appealed Prudential's decision, and demanded that the insurer reinstate benefits, but on March 7, 2007 Prudential upheld the decision to terminate benefits.

9. In July 2007, Finegan, through her attorney, again appealed the termination of LTD benefits and demanded reinstatement. Finegan supported her appeal with numerous medical records and reports, as well as other evidence, including objective medical and vocational evidence, certifying and establishing her disability.

10. Notwithstanding this evidence, and without any contrary clinical findings, on September 19, 2007, Prudential affirmed the decision to uphold the termination of benefits and denied Finegan's second appeal.

11. Since the onset of her disability, Finegan has continuously met the definition of "disabled" as quoted in paragraph 9, above; she has been under the continuous care of treating physicians and therapists who have certified her disability and reported to Prudential that she has met the Policy's definition of "disabled" since September 2004.

12. The determination by Prudential that Finegan is not disabled is contrary to the evidence. That decision was also contrary to the conclusions of treating and examining physicians and therapists, lacks any reliable support in the record, and is not based on substantial evidence.

13. As a direct and proximate result thereof, based on the evidence submitted to Prudential establishing that Finegan has met the Policy's disability definition, and that

she continues to meet the definition of "disabled," Finegan is entitled to reinstatement of her LTD benefits, along with a declaration by the court that such benefits must continue until she recovers from disability, dies, or reaches the maximum duration of payments, whichever comes first.

14. Further, there is due and owing to Plaintiff by reason of Defendant's breach of the foregoing contract of insurance, payments since March 2005, as well as prejudgment interest payable at a rate of 9% pursuant to 215 ILCS 5/357.9 or 5/357.9a.

WHEREFORE, plaintiff prays for judgment against defendant awarded her all benefits due and owing through judgment, a declaration of entitlement to continuing disability payments so long as plaintiff continues to meet the requirements for payment of long term disability benefits, prejudgment interest upon all accrued benefits, and all other relief to which plaintiff is entitled, including his costs of suit.

### *Count II*

For Count II of his complaint, plaintiff states:

1-14. Plaintiff realleges paragraphs 1-14 of Count I as paragraphs 1-14 of Count II of this Complaint, and by that reference, incorporates those allegations herein.

15. There is and was in effect in the State of Illinois at all times relevant hereto, a statute codified at 215 ILCS 5/155 which allows the court to assess penalties and attorneys' fees against an insurance company guilty of vexatious and unreasonable conduct in the evaluation and administration of a claim.

16. The foregoing described conduct constitutes an unreasonable and vexatious delay or refusal of payment on a claim since defendant has refused to make disability payments despite the submission of valid and well-supported proofs of claim from

Plaintiff's physicians leaving no legitimate dispute as to Plaintiff's entitlement to benefits, and forcing Plaintiff to file suit against her insurer in order to recover benefits.

WHEREFORE, plaintiff prays for the following relief:

A. That plaintiff be awarded judgment in her favor and against the defendant as provided for in Count I of this Complaint.

B. That defendant be assessed the maximum penalty allowable pursuant to 215 ILCS 5/155, and that defendant be ordered to pay plaintiff's attorney's fees and court costs.

October 4, 2007

Mark D. DeBofsky

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 W. Monroe St., Ste 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778
Attorney No. 50817