FILED
JANUARY 30, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

09720.00291

Attorney ID # 16741

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

**08 C 674**

PATRICIA FINEGAN,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.

Case No. 07 L 010550

**JUDGE KENDALL
MAGISTRATE JUDGE VALDEZ**

**J. N.**

### DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant The Prudential Insurance Company of America ("Prudential"), by its undersigned attorneys, for its Answer and Affirmative Defenses to Plaintiff Patricia Finegan's ("Plaintiff") Complaint, states as follows:

*Count I*
*Nature of Action*

1.    This is a claim for breach of a contract of group long term disability insurance issued by the Defendant to the Plaintiffs employer, the Board of Education for the City of Chicago, to provide monthly disability income benefits to employees who become disabled. Plaintiff also alleges that Defendant is guilty of unreasonable and vexatious delay in its refusal to pay disability income benefits to the Plaintiff, and that Plaintiff is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

**ANSWER**:    Prudential admits ¶1 of Plaintiff's Complaint accurately summarizes the nature of this action; except that, it denies that Plaintiff is entitled to any relief sought in this action.

*The Parties*

2.    Patricia Finegan (Finegan) (Claim No. 10754659) is and was a resident of Chicago, Illinois at all times relevant hereto, and the events, transactions, and occurrences relevant to Finegan's claim of disability took place within Cook County, Illinois.

EXHIBIT B

454824.1

**ANSWER**: Prudential neither admits nor denies that Plaintiff is and was a resident of Chicago, Illinois, at all times relevant hereto for lack of sufficient information to form a belief thereon. Answering further, Prudential denies the remaining allegations in ¶2 of Plaintiff's Complaint except that it admits that Plaintiff's claim number is 10754659.

3. The Defendant, Prudential Insurance Company of America ("Prudential"), is an insurance company authorized and engaged in insurance business in the State of Illinois and in Cook County at all times relevant hereto.

**ANSWER**: Prudential admits the allegations in ¶3 of Plaintiff's Complaint

### *Statement of Facts*

4. For in consideration of premiums paid, Prudential issued to the Board of Education for the City of Chicago (the "Board") a group policy of long term disability (LTD) insurance (No. 93593 ) providing for payment of monthly indemnity at a rate equal to 60% of monthly earnings in the event an employee of the Board becomes "disabled." The policy was in full force and effect on all dates relevant hereto (A true and correct copy of the entire policy of insurance is attached as Exhibit A, and by that reference incorporated herein.)

**ANSWER**: Prudential admits that a true and correct copy of the group long term disability insurance policy No. LG-93593-IL ("Policy") issued to the Board of Education for the City of Chicago is attached as **Exhibit A** to Plaintiff's Complaint and states that such Policy speaks for itself. Prudential denies any and all allegations in ¶4 of Plaintiff's Complaint inconsistent with and/or contradictory to the written terms of the Policy. Prudential denies any and all remaining allegation in ¶4 of Plaintiff's Complaint.

5. The Board employed Finegan (d.o.b. 12/xx/1950) as a teacher until September 2004, when she ceased working due to ankle joint contracture, severe osteoarthritis, chronic pain, and secondary depression. Due to her condition, Finegan has been unable to perform the material and substantial duties of his occupation, or any other occupation, since September 2004.

**ANSWER**: Prudential admits that based on information and belief, Plaintiff was born on the stated date, that she was employed by the Board of Education for the City of Chicago as a teacher, and that she left her employment on September 7, 2004 complaining of an ankle joint contracture, severe osteoarthritis, chronic pain and sleeplessness. Answering further, Prudential

454824.1                                   2

denies any and all remaining allegations in ¶5 of Plaintiff's Complaint.

6.  Subsequent to ceasing her employment, Finegan made a timely claim for benefits under the Policy stating that due to her condition she was entitled to disability benefits based on meeting the Policy's definition of "disabled," which states in relevant part: you are disabled when "you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience; and you are under the regular care of a doctor."

**ANSWER**: Prudential admits that it received a claim seeking payment of long term disability benefits under the Policy. Answering further, Prudential states that the Policy speaks for itself and it denies any and all allegations in ¶6 of Plaintiff's Complaint inconsistent with and/or contradictory to the written terms of the Policy. Prudential denies any and all remaining allegations in ¶6 of Plaintiff's Complaint.

7.  Prudential initially approved Finegan's claim for LTD benefits, but terminated payments on March 5, 2005.

**ANSWER**: Prudential admits that on March 28, 2005, it approved Plaintiff's claim for longterm disability benefits. Answering further, Prudential denies any and all remaining allegations in ¶7 of Plaintiff's Complaint.

8.  Finegan appealed Prudential's decision, and demanded that the insurer reinstate benefits, but on March 7, 2007 Prudential upheld the decision to terminate benefits.

**ANSWER**: Prudential admits that it received a request for reconsideration submitted by Plaintiff, through her attorneys, and that on September 19, 2007 it upheld its termination of Plaintiff's benefits. Answering further, Prudential denies the remaining allegations in ¶8 of Plaintiff's Complaint.

9.  In July 2007, Finegan, through her attorney, again appealed the termination of LTD benefits and demanded reinstatement. Finegan supported her appeal with numerous medical records and reports, as well other evidence, including objective medical and vocational evidence, certifying and establishing her disability.

**ANSWER**: Prudential denies any and all allegations in ¶9 of Plaintiff's Complaint,

except that it admits that on July 31, 2007, Plaintiff, through her attorneys, requested that Prudential reconsider its denial of Plaintiff's claim.

10. Notwithstanding this evidence, and without any contrary clinical findings, on September 19, 2007, Prudential affirmed the decision to uphold the termination of benefits and denied Finegan's second appeal.

**ANSWER**: Prudential admits that it upheld its termination of Plaintiff's claim for benefits on September 19, 2007. Answering further, Prudential denies any and all remaining allegations in ¶10 of Plaintiff's Complaint.

11. Since the onset of her disability, Finegan has continuously met the definition of "disabled" as quoted in paragraph 9, above; she has been under the continuous care of treating physicians and therapists who have certified her disability and reported to Prudential that she has met the Policy's definition of "disabled" since September 2004.

**ANSWER**: Prudential denies any and all allegations in ¶11 of Plaintiff's Complaint.

12. The determination by Prudential that Finegan is not disabled is contrary to the evidence. That decision was also contrary to the conclusions of treating and examining physicians and therapists, lacks any reliable support in the record, and is not based on substantial evidence.

**ANSWER**: Prudential denies any and all allegations in ¶12 of Plaintiff's Complaint.

13. As a direct and proximate result thereof, based on the evidence submitted to Prudential establishing that Finegan has met the Policy's disability definition, and that she continues to meet the definition of "disabled," Finegan is entitled to reinstatement of her LTD benefits, along with a declaration by the court that such benefits must continue until she recovers from disability, dies, or reaches the maximum duration of payments, whichever comes first.

**ANSWER**: Prudential denies any and all allegations in ¶13 of Plaintiff's Complaint

14. Further, there is due and owing to Plaintiff by reason of Defendant's breach of the foregoing contract of insurance, payments since March 2005, as well as prejudgment interest payable at a rate of 9% pursuant to 215 ILCS 5/357.9 or 5/357.9a.

**ANSWER**: Prudential denies any and all allegations in ¶14 of Plaintiff's Complaint.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this

454824.1                                        4

Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

### Count II

1-14. Plaintiff realleges paragraphs 1-14 of Count I as paragraphs 1-14 of Count II of this Complaint, and by that reference, incorporates those allegations herein.

**ANSWER**: Prudential restates, realleges and fully incorporates herein all of its answers to ¶¶1-14 of Plaintiff's Complaint as if fully set forth herein

15. There is and was in effect in the State of Illinois at all times relevant hereto, a statute codified at 215 ILCS 5/155 which allows the court to assess penalties and attorneys' fees against an insurance company that is found to have engaged in vexatious and unreasonable conduct in the evaluation and administration of a claim.

**ANSWER**: Prudential admits that such statute exists yet denies that it is applicable to the present case and that Plaintiff is entitled to any relief thereunder.

16. The foregoing described conduct constitutes an unreasonable and vexatious delay or refusal of payment on a claim since defendant has refused to make disability payments despite the submission of valid and well-supported proofs of claim from Plaintiffs physicians, leaving no legitimate dispute as to Plaintiffs entitlement to benefits, and forcing Plaintiff to file suit against his insurer in order to recover benefits.

**ANSWER**: Prudential denies any and all allegations in ¶16 of Plaintiff's Complaint.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1. All or part of Plaintiff's Complaint fails to state a claim against Prudential upon which relief can be granted.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential and against Plaintiff and this Court award to Prudential such further and other relief as this Court deems just and equitable including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

## SECOND AFFIRMATIVE DEFENSE
### (Certificate of Insurance)

1. Plaintiff's rights and remedies are limited by the explicit terms of the Certificate of Insurance No. LG-93593-IL. Said certificate is a written document and, as such, is the best evidence of its terms, conditions, coverage, exclusions, limitations, and all other matters pertaining thereto. Accordingly, Prudential pleads Certificate No. LG-95393-IL, referred to in and attached to the Complaint, as a complete defense to Plaintiff's claim as if copied *in extenso* herein.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

## THIRD AFFIRMATIVE DEFENSE
### (Condition Precedent to Coverage)

1. Incident to her employment, Plaintiff participated in her employer's employee welfare benefit plan with long term disability benefits underwritten by Prudential pursuant to the terms of the Policy.

2. Prudential conducted a review of Plaintiff's claim for long term disability benefits under the "any occupation" definition of disability and eventually denied her claim for continued benefits effective March 6, 2007.

454824.1

3.  Prudential upheld its decision to deny benefits through one level of appeal, given that Plaintiff failed to:

    a.  provide satisfactory proof of disability as required under the Policy given that the medical records provided by Plaintiff's treating physicians failed to support her claimed limitations and set forth resulting restrictions demonstrating impairment from her regular occupation as a teacher.

4.  Plaintiff failed to satisfy the conditions precedent to coverage and to benefit eligibility as set forth in the Policy.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

## FOURTH AFFIRMATIVE DEFENSE
### (Benefit Limitation Provisions)

1.  Plaintiff's conditions are such as to trigger the applicability of benefit limitation provisions to Plaintiff's claim for long term disability benefits.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

Respectfully submitted,

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, Defendant

By: _Edna Bailey_
One of Its attorneys

Daniel J. McMahon, Esq.
Edna S. Bailey, Esq.
Wilson Elser
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
Telephone: (312) 704-0550
Facsimile: (312) 704-1522
Attorney No. 16741

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing pleading was served on:

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 West Monroe Street, Ste. 2440
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778

by: ☐ hand-delivery; ☐ facsimile; ☐ overnight mail, next day delivery; and/or ☑ depositing same in the US Mail at 120 North LaSalle, Chicago, Illinois, with proper postage prepaid, at or before the hour of 5:00 p.m. this 20th day of December, 2007.

*Edna Bailey*
Edna S. Bailey