IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA FINEGAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 674 |
| ) | |
| v. ) | |
| ) | Hon. Judge Virginia M. Kendall |
| THE PRUDENTIAL INSURANCE ) | Magistrate Judge Maria Valdez |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S MOTION FOR REMAND

Now comes the Plaintiff, PATRICIA FINEGAN, by her attorneys, MARK D. DE BOFSKY, and DALEY, DE BOFSKY & BRYANT, and hereby moves, pursuant to 28 U.S.C. §1447(c), for an order remanding this case to the Circuit Court of Cook County, Law Division. In support thereof, movant states as follows:

*Statement of Facts and Procedural History*

1. On October 5, 2007, plaintiff, PATRICIA FINEGAN ("Finegan") commenced the instant suit by filing a summons and complaint in the Circuit Court of Cook County, Illinois, Law Division, Case No. 07 L 010550, alleging a common law claim for breach of contract in relation to the termination of the payment of long term disability benefits by the defendant, PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") under a group insurance policy issued to the plaintiff's employer, the Board of Education for the City of Chicago, to provide monthly disability income benefits to employees who become disabled.

2. Finegan's suit against Prudential is brought in two counts. Count I alleges breach of contract, while Count II alleges unreasonable and vexatious delay and seeks penalties and attorneys' fees pursuant to §155 of the Illinois Insurance Code (215 ILCS 5/155).

3. Prudential initially approved Finegan's claim for LTD benefits at a monthly benefit amount of three thousand twenty two dollars and thirty three cents ($3022.33 USD) per month, which is equal to sixty percent (60%) of Finegan's monthly salary prior to her disability; and while payments were paid for a period of time, Prudential terminated Finegan's payments on March 5, 2007. The Complaint seeks recovery of past-due payments since March 2007 with interest, but only seeks a declaratory judgment as to benefits for which the defendant may become liable in the future since Plaintiff would need to satisfy the policy conditions in order to continue receiving benefits. No specific monetary computation of the total damages is listed in the complaint.

4. On December 4, 2007, Defendant served upon Plaintiff Rule 213(F)(1),(2) and (3) Interrogatories to Plaintiff and a First Request for Production of Documents.

5. Prudential filed an answer to the complaint and affirmative defenses on December 20, 2007 with the Circuit Court of Cook County, Illinois.

6. On January 4, 2008, Plaintiff answered the Defendant's Rule 213(F)(1),(2) and (3) Interrogatories to Plaintiff and a First Request for Production of Documents. The Plaintiff's answer (relevant page attached herein as Exhibit 1) stated that Plaintiff contends that the monthly amount of long-term disability benefits payable under the policy is "Sixty percent of Plaintiff's salary ($3022.33)." Plaintiff further stated that approximately five thousand dollars ($5,000.00 USD) in attorney's fees have been incurred since October 5, 2007.

7. Although the Plaintiff subsequent made a settlement demand for an amount in excess of $75,000, the demand was made in consideration of a potential for a future stream of payments, albeit with the understanding that she could not seek judgment for such monies in accordance with Illinois law. *Busse v. Paul Revere Life Insur.Co.,* 341 Ill. App. 3d 589; 793 N.E.2d 779 (1st Dist. 2003) determined that future disability benefits cannot be recovered in a case such as this.

8. At the time the demand was made, past due benefits along with interest, fees and costs since March 6, 2007 was represented to total $40,223.30.

9. After receiving the settlement demand, on January 30, 2008, Prudential filed a Notice of Removal, removing this action to the District Court based upon the settlement demand and stating as authority the cases of *Morrow v. DaimlerChrysler Corp.*, 451 F. Supp. 2d 965 (D. Ill. 2006) and *Lapree v. Prudential Fin.*, 385 F. Supp. 2d 839 (D. Iowa 2005), among the cases cited. The alleged jurisdictional basis for removal is diversity jurisdiction under 28 U.S.C. §1332(a). Although there is no dispute that the parties are citizens of diverse states, as explained further below, the amount in controversy requirement is unmet.

*Argument*

I.     THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

10. This case should be remanded to the Cook County Circuit Court because the amount in controversy does not satisfy the statutory minimum. 28 U.S.C. §1332 requires that the amount in controversy be in excess of $75,000.00, exclusive of interest and costs. The defendant in this case bears the burden establishing federal jurisdiction and demonstrating that the amount in controversy requirement is met. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," leading to a strong presumption in favor of remand. *Id.* If the district court

lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### A. THE AMOUNT IN CONTROVERSY DID NOT EXCEED $75,000 AT THE TIME OF FILING OF THE COMPLAINT

11.  Removal based on diversity of citizenship requires that the parties be citizens of diverse states and that the amount in controversy exceed $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332. In cases where the amount in controversy is determined by installment payments, the statutory minimum for jurisdictional purposes is determined at the time of the commencement of the suit. According to *Wright and Miller*, as quoted by Judge Milton I. Shadur of the U.S. District Court for the Northern District of Illinois upon remanding a similar case to state court based upon a failure to prove the amount in controversy in a case in which the damages were based upon installment payments of disability insurance benefits:

> …the prevailing view is that only the amount of the installments unpaid at the commencement of the suit maybe [sic] taken into account even though the judgment will be determinative of the company's liability for future installments. [And it cites a lot of cases for that proposition.][1]

---

[1] *Budget Rent-A-Car v. Higashiguchi*, 109 F.3d 1471 (9th Cir. 1997) (citing Wright, Miller & Cooper); *Beaman v. Pacific Mut. Life Ins. Co.*, 369 F.2d 653 (4th Cir. 1966); *Keck v. Fidelity & Casualty Co.*, 359 F.2d 840 (7th Cir. 1966). ("When the allegations of a complaint for declaratory judgment on a disability policy showed that the validity of an insurance policy was not in dispute but only the insurer's claim that the conditions upon which the insured's right to receive total disability benefits had not been satisfied, any alleged future benefits payable under the policy could not be used to compute the sum in controversy for federal diversity jurisdiction purposes"); *White v. North American Acci. Ins. Co.*, 316 F.2d 5 (10th Cir. 1963); *Mutual Life Ins. Co. v. Moyle*, 116 F.2d 434 (4th Cir. 1940) ("We think it clear that all that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued"); *Wright v. Mutual Life Ins. Co.*, 19 F.2d 117 (5th Cir. 1927), affirmed 1927, 48 S.Ct. 323, 276 U.S. 602, 72 L.Ed. 726; *Bowman v. Iowa State Travelers Mut. Assurance Co.*, 449 F. Supp. 60 (D. Okla. 1978); *Carroll v. Mutual of Omaha Ins. Co.*, 354 F. Supp. 1260 (D. Va. 1973); *Banks v. Travelers Ins. Co.*, 60 F.R.D. 158 (D. Pa. 1973); *Umbenhower v. Mutual of Omaha Ins. Co.*, 298 F. Supp. 927 (D. Mo. 1969)*; Bullis v. National Casualty Co.*, 285 F. Supp. 421 (D. Wis. 1968); *Holt v. Continental Casualty Co.*, 239 F. Supp. 281 (D. Ark. 1965); *Bree v. Mutual Ben. Health & Acci. Asso.*, 182 F. Supp. 181 (D. Pa. 1959) ("When the validity of disability policies was not in issue, but only the extent of the obligation of each insurer was involved, potential benefits subsequent to the filing of the complaint could not be considered in ascertaining the amount in controversy"); *Johnson v. Equitable Life Assurance Soc.*, 80 F. Supp. 557 (D. Mich. 1948); *Button v. Mutual Life Ins. Co.*, 48 F. Supp. 168 (D. Ky. 1943) (and the cases cited therein), noted 1943, 92 U.Pa.L.Rev. 211; *Mutual Life Ins. Co. v. Moyle*, 116 F.2d 434 (4th Cir. 1940) ("Nor will the fact that the insurer must establish a reserve in excess of the jurisdictional amount against the insured's

*See Transcript of Proceedings Before the Honorable Milton I. Shadur*, June 6, 2005 attached as Exhibit 2.  See Also 14(b), *Wright and Miller*, Section 3710, p. 260 attached as Exhibit 3).

    12.  In addition, many courts have held that the amount in controversy in a disability insurance claim is assessed as of the time the complaint is filed; or in the case of removal, at the time of the removal notice. *Feliberty v. Unumprovident Corp.,* 2003 U.S. Dist. LEXIS 22840 (N.D.Ill. December 15, 2003); *Monarch Life Ins. Co. v. Broches,* 2004 U.S. Dist. LEXIS 14670 (N.D.Ill. July 29, 2004); *Legg v. Continental Casualty Co.*, 2002 U.S.Dist.LEXIS 25160, *4-5 (E.D.Mich. Dec.31, 2002); *Conzo v. SMA Life Assurance Co.*, 2003 U.S.Dist.LEXIS 7409, *2-3 (S.D.N.Y. May 5, 2003); *Flannery v. Continental Casualty Co.*, 2003 U.S.Dist.LEXIS 8493, *3-4 (S.D.Ind. March 11, 2003); *Stengrim v. Northwestern Mutual Life Insur.Co.*, 2004 U.S.Dist.LEXIS 21531, *5 (D.Minn. October 25, 2004).

    13.  In this case the total amount in controversy includes Finegan's claim for LTD benefits at a monthly benefit amount of three thousand twenty two dollars and thirty three cents ($3022.33 USD) per month since March 2007 to the date of filing of the complaint, October 5, 2007, and penalties that might have accrued to that point pursuant to §155 of the Illinois Insurance Code (215 ILCS 5/155).

---

claim give jurisdiction"); *Shabotzky v. Massachusetts Mut. Life Ins. Co.*, 21 F. Supp. 166 (D.N.Y. 1937), noted 1938, 51 Harv.L.Rev. 1109; *Russ v. UNUM Life Ins. Co.*, 442 F. Supp. 2d 193 (D.N.J. 2006) ("An insured's future benefits under disability policies could not be considered when calculating the amount in controversy. The insured sought a declaratory judgment that the benefits accrued under the policies were caused by "accident" and not by "sickness," which was a purely legal determination that had no bearing on the validity of the contract as a whole"); *Albino v. Std. Ins. Co.*, 349 F. Supp. 2d 1334 (D. Cal. 2004) (in insurance disability dispute, future benefits cannot be considered in calculating amount in controversy when controversy centers on extent of coverage rather than validity of contract itself); *Feliberty v. Unumprovident Corp.,* 2003 U.S. Dist. LEXIS 22840 (N.D.Ill. December 15, 2003); *Field v. National Life Ins. Co.*, 2001 WL 77101 (D.C.Fla.2001) (absent repudiation of insurance contract, amount in controversy is derived from amount, accrued at institution of action, insurer is alleged to have failed to pay, not total value of contract); *Berlly v. U.S. Life Ins. Co.*, 2001 WL 40771 (D.C.N.Y. 2001) (when insured is seeking benefits accrued under policy, amount in controversy is determined by amount recoverable at time of action); *Gucciardo v. Reliance Ins. Co.*, 84 F. Supp. 2d 399 (D.N.Y. 2000).

14. As of the time of filing, Finegan claimed that Prudential was due and owning for eight months of benefits at a rate of $3022.33 per month for a total of $24,178.64, exclusive of interest and costs.

15. Section §155 of the Illinois Insurance Code (215 ILCS 5/155) states that penalties under that statute are not to exceed 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; or $ 60,000. 215 ILCS 5/155 (a) (b). In this case, considering the past-due benefits to date exclusive of interest and costs were equal to $24,178.64 as of February 1, 2008, and the claimed attorney fees to date are equal to $5,000, the maximum amount of the statutory penalty is equal to 60% of $29,178.64, or $17,507.18 and penalties awarded under 215 ILCS 5/155 cannot exceed this amount.

16. Accordingly, the total amount in controversy is $24,178.64 for past due benefits, $5,000 in attorney fees and $17,507.18 in statutory penalties for a total of $46,685.82, a sum well below the minimum amount in controversy of $75,000.00 required by 28 U.S.C. §1332 for removal to federal court on diversity jurisdiction.

17. In the alternative, even if the amount in controversy is determined as of the time of notice of removal, the amount still falls short of the jurisdictional minimum. As of January 30, 2008, when Defendant notified Plaintiff that they would be seeking removal, Plaintiff was due 11 months of benefits equal to $33,245.63, the statutory penalties of $19,947.38, and the claimed attorney fees of $5,000.00. As such the amount in controversy would still only be $58,193.00.

**B. POTENTIAL FOR FUTURE BENEFITS SHOULD NOT BE CONSIDERED WHEN DETERMINING THE AMOUNT IN CONTROVERSY**

18. The potential future benefits, which is the sole possible basis for the defendant's argument for its determination that the amount in controversy exceeds $75,000, should not be included in any factual determination of the value of this case as no court could legally award

those benefits to the Plaintiff. *Traum v. Equitable,* 240 F. Supp. 2d 776 (N.D.Ill. 2002) (dismissing a claim for future damages without evidence of anticipatory breach); *Busse, supra.*.

19. In addition, Prudential's reliance on the future benefit amount included in the settlement demand is unfounded and unsupported. All of the cases cited by the defendant, which use the settlement demand as the basis for establishing the amount in controversy, are clearly distinguishable from the instant case. *Morrow*, for example, included claims for personal injuries, emotional distress, punitive and other damages, none of which are at issue here. *Morrow,* 451 F. Supp. 2d at 967-68.

20. Furthermore in *Lapree*, the Court determined that a settlement demand letter could constitute a basis for establishing an amount in controversy meeting the statutory requirement, the court noted the Eighth Circuit case of *Kopp v. Kopp*, 280 F. 3d 883, 884-885 (8th Cir. 1994), where the court found "an amount a plaintiff claims is not 'in controversy' if no fact finder could legally award it." *Lapree*, 385 F. Supp. 2d at 841.

21. Courts have held, consistent with the prevailing view as discussed above, that future benefit amounts can only be used for determining the jurisdictional limits when the validity of the insurance policy itself is at issue. *Keck v. Fidelity & Casualty Co.*, 359 F.2d 840, 841 (7th Cir. 1966); *Mutual Benefit Life Ins. Co. v. Benefit Trust Life Ins. Co.*, 1992 U.S. Dist. LEXIS 10842, *5-8 (N.D.Ill. July 17, 1992). That is not the case here, though. Neither party disputes the validity of the policy; the claim here relates solely to whether Finegan is entitled to benefits. Accordingly, the amount in controversy that would be considered in evaluating the court's subject matter jurisdiction is limited to the amount of accrued benefits as of the time suit is filed. *Fowler v. Mutual Life Insurance Company of New York*, 1992 U.S. Dist. LEXIS 554, *6 (N.D.Ill. Jan. 15, 1992).

## II.　　THE DEFENDANT'S NOTICE OF REMOVAL IS UNTIMELY

22.　Section 1446(b) of Title 28 provides in pertinent part that:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an initial pleading setting forth the claim for relief upon which such action or proceeding is based…

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or may has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Finegan filed suit in State Court on October 15, 2007, and proof of service on the defendant was filed with the court on November 13, 2007. This constituted the defendant's receipt of the initial pleading in this case. Prudential notified Finegan of its intent to file a Notice of Removal on January 30, 2008, more than 30 days after receiving the complaint in this matter.

23.　Furthermore, Local Rule 3 of the United States District Court for the Northern District of Illinois requires the defendant to attach to a Notice of Removal:

1.　　a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds $75,000; and
2.　　with respect to at least one plaintiff in the Illinois action, either:
　　(a) a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (1) stating that the damages actually sought by the plaintiff exceed $75,000 or (2) declining to agree that the damage award to that plaintiff will in no event exceed $75,000; or
　　(b) an admission by such plaintiff in response to a request for admission (see Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (see Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or the declination to agree described in subparagraph 2(a) of this rule.

The defendant's notice of removal is untimely because the amount in controversy, which was significantly below the statutory minimum, was evident on the face of the complaint. The defendant knew the amount of benefits the plaintiff was entitled to when the defendant received the complaint as the defendant was already in possession of the policy, was notified of the statutory penalties sought by the Plaintiff, and was aware of any potential future liability under the policy that could be created by an possible obligation to continue to pay benefits to Finegan in the future if Finegan were found to be entitled to the past-due benefits sought in the complaint. If the value of the instant case included any potential future benefits as the Defense claims, the defendant's notice of removal should have been filed within 30 days of November 13, 2007. As such, this court should grant the plaintiff's motion for remand, for the defendant's notice of removal was filed after the 30-day time period provided in 28 USC §1446.

### *Conclusion*

24. It is evident that defendant has improperly removed this action. This court does not have subject matter jurisdiction over this matter, for the amount in controversy does not exceed $75,000.00. Further, the defendant's notice of removal was not filed in a timely fashion, as it should have been filed within 30 days of the defendant's receipt of the initial complaint in this matter. Accordingly, the plaintiff requests that pursuant to 28 U.S.C. §1447(c), this court remand this case to the Circuit Court of Cook County along with an order requiring defendant to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

                                                          Respectfully submitted,

                                                          /s/ Mark D. DeBofsky_____
                                                          One of the attorneys for plaintiff

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 W. Monroe St. Suite 2440
Chicago, Illinois 60603
(312) 372-5200

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system that will send notification of such filing to the following:

Daniel J. McMahon
Edna S. Bailey
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602

/s/ Mark D. DeBofsky
Mark D. DeBofsky
Illinois Bar No. 03127892
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 Fax
