```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


ROBERT LAATZ,                       ) DOCKET NO. 05 C 2856
                                    )
                        Plaintiff,  )
                                    )
    vs.                             )
                                    )
UNUM LIFE INSURANCE CO.,            ) Chicago, Illinois
                                    ) June 6, 2005
                        Defendant.  ) 9:00 o'clock a.m.


      TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
               MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiff:
            MR. MARK D. DEBOFSKY

For the Defendant:
            MR. MICHAEL J. SMITH AND
            MR. W. SEBASTIAN von SCHLEICHER



                     JESSE ANDREWS
      Official Court Reporter - U. S. District Court
               219 S. Dearborn Street
                Chicago, Illinois  60604
                    (312) 435-6899

              *    *    *    *    *    *
```

2

```
 1          THE CLERK:  05 C 2856, Laatz vs. UNUM Life.
 2          MR. DeBOFSKY:  Good morning, your Honor.  Mark
 3  DeBofsky on behalf of the plaintiff.
 4          MR. SMITH:  Good morning, your Honor.  Michael Smith
 5  and Warren Von Schleicher on behalf of the defendant.
 6          THE COURT:  Good morning.
 7          Well, I want to thank you for your patience, because
 8  as I had indicated earlier, I did expect to deal orally with
 9  this motion.  And I thought that most of the other things were
10  going to be no brainers and weren't going to take very long and
11  it turns out they had taken somewhat longer than I had hoped.
12          So let me address the motion here, because it does
13  pose I think an interesting problem, but an interesting
14  problem that gets a comparatively simple solution for the
15  reason that neither side seems to have picked up on.
16          Let's make clear what the question really is here
17  that we are looking at.  It's not whether the amounts that are
18  referred to in the statute, which as you know is 215 ILCS 5/155
19  and particularly the items that are in subparagraph (1)(b) --
20  no, (1)(a)(b) and (c) are punitive in nature, but instead how
21  they are characterized in the statute -- that is, whether they
22  are stated as part of the taxable costs or not.
23          Now if you follow ordinary principles of the English
24  language, the normal treatment, the normal reading would be to
25  treat everything that follows "may allow as part of the taxable
```

1  costs in the action," treat each of those as included within
2  that category. And that's not altered by the fact that the
3  word "plus" happens to be in there. Because if you take out
4  that phrase you really get kind of an odd locution. It would
5  read "The Court may allow an amount not to exceed any one of
6  the following amounts." Allow what? And the only thing that
7  is said there is, "as part of the costs of the action." So
8  reading it otherwise is kind of a peculiar structure in terms
9  of English.
10         But you know, I don't have to rest of that reading,
11 so I don't want UNUM's counsel to get alarmed by saying, "Well,
12 you know, that's a stretch," or "That's not a fair reading of
13 the Illinois statute."
14         You see the problem that UNUM has is that it tries to
15 build the over $75,000 jurisdictional amount by taking what it
16 says for the accrued benefits of $25,000 and a few dollars and
17 adding $60,000, which is the maximum possible under Section
18 155(1).
19         Let me instead of the $25,000 use what Mr. DeBofsky
20 has acknowledged is the higher figure. I think it was
21 something like $35,700 that he picks up on page 4 of his
22 memorandum -- his unnumbered page memorandum.
23         MR. DeBOFSKY: I am sorry about that.
24         THE COURT: But it is on the fourth page. Although
25 he cites only the Seventh Circuit decision in the Keck case,

4

1 which is some 45 years old -- more than 45 -- and a number of
2 District Court decisions, Wright and Miller which talks about
3 that describe it as the -- I have it here. It's over here in
4 14(b), Wright and Miller at Section 3710, page 260 and it says:
5      "That the prevailing view is that only the amount of
6      the installments unpaid at the commencement of the
7      suit maybe be taken into account even though the
8      judgment will be determinative of the company's
9      liability for future installments. [And it cites a
10     lot of cases for that proposition.]
11          And I don't think that UNUM has disagreed with that.
12 I think that it is focusing on what the add on might be. But
13 the point that I was making is that what that ignores is that
14 if you look at 155 itself, what it says is that what can be
15 added "is an amount not to exceed any one of the following
16 amounts."
17          Now one of those is $60,000, to be sure. But another
18 one is, "60 percent of the amount which the Court or jury finds
19 the party is entitled to recover against the property exclusive
20 of all costs." And if you look at that 60 percent figure,
21 which is a limitation, you can't collect $60,000, if the 60
22 percent is less than $60,000. That's what the statute says.
23 It says it can't exceed any one of these amounts. And if you
24 look at that, that would be $21,500 or so as of the date of the
25 removal. And what that then creates is an amount in

5

1  controversy that at most be $57,000 -- something like $57,000,
2  maybe a little plus, which is obviously less than $75,000 than
3  the $75,000 floor for federal jurisdiction.
4         So what we have is that even if I accept UNUM's
5  reading of the amount that may be chargeable here, which it
6  characterize as punitive damages, even if I were to say, Okay.
7  Despite the language of the statute that says it's part of
8  taxable costs, we will treat it maybe as somehow independently
9  an add on," you don't get to the $75,000 figure.
10         And what that then means is that pursuant to Section
11 1447(c) the District Court here lacks jurisdiction -- lacks
12 subject matter jurisdiction. And pursuant to that same statute
13 it's my obligation to order the case remanded to the Circuit
14 Court of Cook County to its place of origin.
15         Now our own local rule, Local Rule 81.2(b) allows the
16 Court to order that the certified copy of the remand order be
17 mailed forthwith. And I am going to do that so that you people
18 can go about your business of doing battle in the state court
19 where you belong.
20         Anyway, as I said at the beginning, it is an
21 interesting issue, but what kind of surprised me, frankly, is
22 that neither side had focused on just how that add-on provision
23 reads. It reads essentially the smallest of the three numbers,
24 the (a)(b) and (c). So even accepting UNUM's position as it
25 urges, it has not succeeded in overcoming the jurisdictional

```
                                                                    6
 1   floor.
 2           Anyway, thanks to both of you, and you are back in
 3   the Circuit Court.
 4           MR. DeBOFSKY:  Thank you, your Honor.
 5           THE COURT:  Thank you.
 6       (WHICH WERE ALL OF THE PROCEEDINGS HAD AT THE HEARING OF
         THE ABOVE-ENTITLED CAUSE ON THE DAY AND DATE AFORESAID.)
 7
                         C E R T I F I C A T E
 8
     I HEREBY CERTIFY that the foregoing is a true and correct
 9   transcript from the report of proceedings in the above-entitled
     cause.
10
11   JESSE ANDREWS, CSR
     OFFICIAL COURT REPORTER
12   UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF ILLINOIS
13   EASTERN DIVISION
     DATED: June 6, 2005
14
15
16
17
18
19
20
21
22
23
24
25
```