Westlaw.

14B FPP § 3710                                                                                                Page 1
14B Fed. Prac. & Proc. Juris.3d § 3710

Federal Practice & Procedure
Current through the 2007 Update

Jurisdiction And Related Matters
Charles Alan Wright[FNa18], Arthur R. Miller[FNa19], Edward H. Cooper[FNa20], Supplement by The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman[FNa21]

Chapter 6. **Amount** In Controversy

Link to Monthly Supplemental Service

**§ 3710Amount** in Controversy in Particular Cases—**Installment** Contracts

**Forms**

West's Federal Forms §§ 2453 to 2456

Contracts calling for the payment of money in **installments** present special **amount** in controversy problems.[FN1] Suppose that A has contracted with B for the lease of the oil and gas interests on A's land and B agrees to pay A a monthly royalty based on the fair market value of the gas at the well. B makes payments to A, but A claims that according to the terms of the lease, B should be paying a greater amount. A brings suit. In this situation, the amount of the payments alleged to be outstanding at the time of suit is the measure of the amount in controversy.[FN2] Even though the judgment might be accorded an estoppel effect in suits for future payments, neither the value of the total payments that will be made under the lease nor the value of those payments not yet made is considered. This is an application of the rule discussed in an earlier section in this Chapter that the collateral effect of a judgment cannot be considered in determining the amount in controversy.[FN3] This basic rule was applied by a district court in Johnson v. County of Chester[FN4] to prevent the aggregation of three years of federal grants when only the first year's funding was due and adjustments could be made in the awards for the succeeding years as a result of administrative reviews.

In contrast, if A had sued B for a declaration of the validity of the contract, as well as for those payments on which B had defaulted, then the total value[FN5] of the contract would be the measure of the amount in controversy. As was stated in one case involving this point:

This is a suit not for coercive relief for the damages thus far accrued, but rather for declaratory relief. True it is that plaintiff might not invoke the court's jurisdiction in a suit to recover $2,000 in money, but this suit is for other relief; it is in the nature of a suit to quiet title ....[FN6]

In an interesting hybrid case,[FN7] a state court plaintiff sought only an $1,800 refund of two months' pre-payment on a twenty-four-month contract he alleged the defendant had breached. The defendant removed the action to federal court, counterclaiming for the remainder of the $21,600 contract price, which he alleged was now due

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674    Document 9-4    Filed 02/01/2008    Page 2 of 17

14B FPP § 3710                                                                                    Page 2
14B Fed. Prac. & Proc. Juris.3d § 3710

by default of the plaintiff. The district court retained jurisdiction, deciding, after a lengthy review of cases applying various tests to value the matter in dispute, that:

> [T]he object sought to be accomplished by the controversy, as reflected from the plaintiff's complaint, as well as the defendant's counterclaim, was the determination of the rights of the parties under a contract, which was admittedly in excess of $10,000.[FN8]

Most of the cases involving installment contracts are insurance disputes, which follow principles similar to those just stated. One typical difficulty in insurance cases arises when the plaintiff sues to recover payments allegedly due from the defendant insurance company. The plaintiff claims that the defendant wrongfully has refused to make a number of payments that have accrued as of the time the action was instituted and intends not to make any future payments. Hence, it is argued that the defendant's actions constitute an anticipatory breach of the insurance contract and the amount in controversy includes the amount of future payments that the defendant allegedly will owe the plaintiff. The court often finds, however, that the doctrine of anticipatory breach is inapplicable to these situations.[FN9] Consequently, the result is, as stated in one early Supreme Court case:[FN10]

> For breach short of repudiation or an intentional abandonment equivalent thereto, the damages under such a policy as this do not exceed the benefits in default at the **commencement** of the suit.[FN11]

Similarly, assume a holder of a disability insurance policy claims that he is permanently disabled and brings suit for the benefits due him. The **prevailing view** is that only the **amount** of the **installments unpaid** at the **commencement** of the suit may be taken into account, even though the judgment will be determinative of the company's liability for future **installments**.[FN12] The rationale for this result has been explained as follows:

> The matter in controversy involves only the liability of the insurance company to make the payments already accrued. No controversy exists in this action as to any disability payments under the contract in the future. The insurance company may or may not decline to pay them, and facts occurring subsequent to the filing of this action may completely justify its refusal to make future monthly payments even though the result of this action obligates it to pay those already accrued; such subsequently occurring facts might lead the insurance company to make such payments in the future irrespective of the result of this action. This action is in no way res judicata as to its liability under the policy in the future. Although the effect of the judgment in this case may result in the insured collecting from the insurance company a total sum far in excess of the jurisdictional amount, yet it is well settled that when federal jurisdiction depends upon the amount in controversy, "it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur."[FN13]

The result is different when the validity of the entire insurance contract is brought into issue, as when the insurer sues to cancel the policy for fraud.[FN14] By the same token, in a declaratory judgment action, brought either by the insured or the insurer, as to the validity of the entire contract between the parties, the amount in controversy is the face value of the policy.[FN15] The fact that a claim presently exists against the insured is not relevant for the purpose of determining the amount in controversy.[FN16]

A distinction should be drawn, however, between those cases in which the validity of the insurance policy is at issue, and those cases in which the question is the applicability of the policy to a particular occurrence. The result in the latter category of cases apparently is that the jurisdictional amount in controversy is measured by the value of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674   Document 9-4   Filed 02/01/2008   Page 3 of 17

14B FPP § 3710                                                                                          Page 3
14B Fed. Prac. & Proc. Juris.3d § 3710

underlying claim—not the face amount of the policy.[FN17] But if the claim exceeds the policy limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure of the statutorily required amount in controversy.[FN18]

For example, in one district court case,[FN19] the insurer brought suit for a declaration of noncoverage as to a particular accident. The defendant claimed that the jurisdictional amount was lacking because the insurance policy provided coverage of $10,000 for each person injured and only one person had been injured. The district court did not contest this assertion, which implies that the value of the underlying claim governs for the purpose of determining the amount in controversy, but went on to hold that since the insurer also would incur attorney fees in discharging its obligation to defend the insured, the amount in controversy exceeded the requisite $10,000.

Another district court decision has dealt squarely with this problem. In Queens Insurance Company of America v. Basham,[FN20] suit was brought by the insurer against an injured party for a declaration of noncoverage as to an accident involving the insured's airplane. Prior to the commencement of the insurer's action, the injured party had brought suit in a state court against the insured for $10,000. The defendant moved to dismiss the federal court action on the ground that the jurisdictional amount was lacking since an amount in excess of the then requisite $10,000 amount had not been claimed in the state court suit. The plaintiff, however, argued that the jurisdictional amount should be measured by the amount of coverage afforded by the policy. The district court noted that the meaning of the plaintiff's contention was unclear:

> Plaintiff does not clearly indicate whether it is thereby making reference (1) to the amount of coverage applicable to the claim or claims of the party or parties who have been made defendants to the declaratory judgment suit or (2) to the amount of coverage applicable to the claim or claims of all parties who may have received injury or damage in the particular accident, irrespective of whether they have all been made defendants in the declaratory judgment suit, or (3) to the maximum amount of all coverage afforded by the policy under any circumstances.[FN21]

The court assumed, however, that the first of the three possible meanings was the one relied upon by the plaintiff. Nevertheless, the court held, after noting that no decision dealing with this precise problem had been brought to its attention, that it was impossible for the plaintiff-insurer to allege in good faith that the matter in controversy exceeded $10,000, when the defendant-insured already had brought suit for less than the jurisdictional amount. To decide otherwise, according to the court, would have the effect of opening the doors of the federal courts to what in reality were small claims:

> [I]f this Court followed the reasoning of plaintiff's attorney, and overruled the motion to dismiss on the theory that the jurisdictional amount is determined by the amount of coverage applicable to the claim of the defendant, the decision of this Court would be authority for asserting federal jurisdiction in any declaratory judgment suit involving a liability insurance policy with applicable coverage over $10,000 no matter how small the claim actually being made.[FN22]

This result seems sound. Since the declaratory judgment action device is not intended to extend the subject matter jurisdiction of the federal courts, the amount in controversy should be determined in terms of what actually is being litigated. In these suits, the precise issue is whether the insurer is liable for a particular loss. Moreover, the declaratory judgment action cannot be brought unless a claim has been asserted, or it is relatively certain that it will be asserted against the insured. Hence, it is not unreasonable to require that the underlying claim be valued for the purposes of determining the amount in controversy.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674     Document 9-4     Filed 02/01/2008     Page 4 of 17

14B FPP § 3710                                                                                                    Page 4
14B Fed. Prac. & Proc. Juris.3d § 3710

It even has been argued, with some merit, that in a suit for a declaration of noncoverage, the only controversy existing at that point is the insurer's obligation to defend, and therefore the value of the attorney fees should be the measure of whether the **amount** in controversy requirement has been satisfied.[FN23] **[p. 268]** Judge Easterbrook recently noted that while the courts of appeal have never accepted this **view**, certain judges in the Northern District of Illinois have followed this theory and excluded potential indemnity from the **amount** in controversy.[FN23.1] Even though a declaration of noncoverage might have the effect of freeing the insurer from indemnifying the insured up to the face **amount** of the policy, it might be argued that this effect is collateral or too speculative and therefore should not be included for purposes of determining the jurisdictional **amount**. Nevertheless, this **view** never has been accepted by the federal courts.

There is one exception to the insurance cases discussed above. The Supreme Court[FN24] has distinguished between those instances in which the judgment only can be for **installments** due at the time of suit, even though it has a collateral estoppel effect as to future payments, and situations in which the judgment will clearly and finally create an obligation to pay, over the years, a sum in excess of the jurisdictional amount, even though future events may alter or cut off the obligation to make those payments.

Thus, in Aetna Casualty & Surety Company v. Flowers,[FN25] a widow brought suit against her deceased husband's former employer and the employer's insurance company. The plaintiff alleged that her husband died as a result of an accident occurring during the course of his employment and, pursuant to the Tennessee Workmen's Compensation Statute,[FN26] demanded burial expenses plus benefits in the **amount** of $5,000. Under the Tennessee statute, the award was paid in **installments**. The court of appeals held that the measure of the **amount** in controversy was the accrued **installments**, and therefore the action should be dismissed for lack of the jurisdictional **amount**. However, the Supreme Court distinguished the case before it from cases in which the judgment only can embrace **installments** that have accrued at the time of suit. The Court noted that the Tennessee statute gave a single right of action for the total benefits recoverable by the plaintiff. The fact that these payments would terminate upon the death or remarriage of the widow or upon the death or attainment of age eighteen of the children did not divest the court of jurisdiction, since the right to all the payments were in issue and there was a probability that the plaintiff would recover in excess of the jurisdictional **amount**. Hence, the Court held that the **amount** in controversy did include the future payments and was not limited to the accrued **installments**.

**Viewed** realistically, the Flowers case is not distinguishable from those insurance cases discussed earlier in which the collateral estoppel effect of the judgment would be determinative of the insurer's future liability. The Court's distinction is not a compelling one and rests merely on form rather than substance. Given the policy of restricting federal court subject matter jurisdiction, however, the Supreme Court's decision to create only a limited exception to the basic rule may be justifiable.

There appears to be a principle that is operating in the installment payment cases that is not clearly apparent from the language of the courts. The proper rule is that the amount in controversy is the amount involved as a direct legal effect of the judgment; what that will be in a particular case depends on the applicable substantive law. Thus, for example, in a suit for breach of a contract of employment, in some jurisdictions recovery is allowed only for the wages due at the time of filing suit, other jurisdictions require a single suit for the total breach, including wages not yet due, and still others give the plaintiff an option either to sue for past-due wages or to treat the contract as totally breached. In a jurisdiction in the first group, only the wages due would be part of the amount in controversy. In those in the second group, the entire amount due under the contract, both past and future, would be in controversy, and in the third group the amount in controversy would depend on which of the alternative remedies the plaintiff chooses to pursue.[FN27] It is on this basis that the Flowers case can best be understood and the soundness of its result appreciated.

In a different context, the Supreme Court, in Weinberger v. Wiesenfeld,[FN28] has concluded that in an action to determine the plaintiff's eligibility for social security benefits, the amount in controversy is the present value of the potential future payments under the program and is not limited to the value of the benefits accrued as of the time of the suit. The Court analogized social security to insurance in that it provides present security from a fear of a future lack of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674    Document 9-4    Filed 02/01/2008    Page 5 of 17

14B FPP § 3710                                                                                          Page 5
14B Fed. Prac. & Proc. Juris.3d § 3710

earnings. It also distinguished disability benefits on the ground that they depend upon actual earnings. In line with the discussion in the preceding paragraph, the Court in Weinberger appears to have been measuring the amount in controversy in terms of the legal effect a declaration of eligibility for social security or disability payments would have.

Other federal cases have developed a "trust fund" theory in social security cases, which treats the monies appropriated for a governmental program as a res for jurisdictional amount measurement purposes.[FN29] As a result, subject matter jurisdiction may be assumed by a district court even though the benefits due an individual benefits recipient at the time suit is instituted do not, and may never, exceed $75,000.

[FNa18] Charles Alan Wright Chair in Federal Courts, The University of Texas.

[FNa19] Bruce Bromley Professor of Law, Harvard University.

[FNa20] Thomas M. Cooley Professor of Law, University of Michigan.

[FNa21] Distinguished Professor of Law, Chicago–Kent College of Law, Illinois Institute of Technology.

[FN1]

**Special problems**

See generally Ilsen & Sardell, The Monetary Minimum in Federal Court Jurisdiction: II, 1955, 29 St. John's L.Rev. 183, 183–193.

Note, Amount in Controversy in Installment Payment Situations, 1948, 36 Calif.L.Rev. 124.

Note, 1941, 25 Minn.L.Rev. 356.

[FN2]

**Outstanding**

Russ v. Unum Life Ins. Co., D.C.N.J.2006, 442 F.Supp.2d 193 (court will consider only amount of damages that have accrued up until point that case was filed).

Landmark Corp. v. Apogee Coal Co., D.C.W.Va.1996, 945 F.Supp. 932.

Esler v. Northrop Corp., D.C.Mo.1979, 86 F.R.D. 20, **citing Wright, Miller & Cooper.**

Bowker v. Panhandle Eastern Pipe Line Co., D.C.Kan.1959, 169 F.Supp. 713.

[FN3]

**Collateral effect**

This rule is discussed in § 3702.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674   Document 9-4   Filed 02/01/2008   Page 6 of 17

14B FPP § 3710                                                                                                          Page 6
14B Fed. Prac. & Proc. Juris.3d § 3710

[FN4]

**Johnson case**

D.C.Mo.1976, 413 F.Supp. 1299.

[FN5]

**Total value**

Landers Frary & Clark v. Vischer Prods. Co., C.A.7th, 1953, 201 F.2d 319.

Davis v. American Foundry Equipment Co., C.C.A.7th, 1938, 94 F.2d 441.

Harger v. Burger King Corp., D.C.La.1990, 729 F.Supp. 1579.

Developments in the Law—Declaratory Judgments, 1949, 62 Harv.L.Rev. 787, 801.

Potentials Dev., Inc. v. International Assessment Network, D.C.Wash.2006, 2006 WL 2350168 (slip op.) (because plaintiff sought termination of agreement due to defendant's alleged default, amount in controversy was not just $27,000 in back royalty payments, but total value of payments due under contract).

Con-Way Transp. Servs., Inc. v. RegScan, Inc., D.C.Pa.2005, 2005 WL 1210950 (by arguing that licensing agreement is invalid, defendant has placed its entire value at issue, not just installments allegedly due on the date of initial filing).

Plaintiff's claim, seeking "$33,355.00 plus such further commissions that come due as of the date of trial, with the right to sue for additional commissions as they come due over the life of the $17.5 million dollar (sic) Navy contract," satisfied the amount in controversy requirement because a determination of the value of the entire contract, including whether the plaintiff will be entitled to future commissions, created a controversy with a potential recovery of greater than $75,000. Lien v. H.E.R.C. Products, Inc., D.C.Va.1998, 8 F.Supp.2d 531.

[FN6]

**Title**

Davis v. American Foundry Equipment Co., C.C.A.7th, 1938, 94 F.2d 441, 443 (Lindley, J.).

[FN7]

**Hybrid case**

Congaree Broadcasters, Inc. v. TM Programming, Inc., D.C.S.C.1977, 436 F.Supp. 258.

[FN8]

**In excess of $10,000**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674    Document 9-4    Filed 02/01/2008    Page 7 of 17

14B FPP § 3710                                                                    Page 7
14B Fed. Prac. & Proc. Juris.3d § 3710

Congaree Broadcasters, Inc. v. TM Programming, Inc., D.C.S.C.1977, 436 F.Supp. 258.

[FN9]

**Inapplicable**

New York Life Ins. Co. v. Viglas, 1936, 56 S.Ct. 615, 297 U.S. 672, 80 L.Ed. 971.

"The decided cases in the Supreme Court of the United States and in this and other circuits are clear that in a suit like the case at bar, the measure of recovery and, hence, the amount in controversy, is only the aggregate value of past benefits allegedly wrongly withheld." Beaman v. Pacific Mut. Life Ins. Co., C.A.4th, 1966, 369 F.2d 653, 655 (Winter, J.).

Henderson v. National Fidelity Life Ins. Co., C.A.10th, 1958, 257 F.2d 917.

Colorado Life Co. v. Steele, C.C.A.8th, 1938, 95 F.2d 535.

Davis v. Mutual of Omaha Ins. Co., D.C.Mo.1968, 290 F.Supp. 217.

[FN10]

**Supreme Court case**

New York Life Ins. Co. v. Viglas, 1936, 56 S.Ct. 615, 297 U.S. 672, 80 L.Ed. 971.

[FN11]

**Suit**

56 S.Ct. at 617, 297 U.S. at 678.

[FN12]

**Prevailing view**

Budget Rent-A-Car, Inc. v. Higashiguchi, C.A.9th, 1997, 109 F.3d 1471, **citing Wright, Miller & Cooper.**

Beaman v. Pacific Mut. Life Ins. Co., C.A.4th, 1966, 369 F.2d 653.

When the allegations of a complaint for declaratory judgment on a disability policy showed that the validity of an insurance policy was not in dispute but only the insurer's claim that the conditions upon which the insured's right to receive total disability benefits had not been satisfied, any alleged future benefits payable under the policy could not be used to compute the sum in controversy for federal diversity jurisdiction purposes. Keck v. Fidelity & Cas. Co. of New York, C.A.7th, 1966, 359 F.2d 840.

White v. North American Acc. Ins. Co., C.A.10th, 1963, 316 F.2d 5.

"We think it clear that all that is in controversy is the right of the insured to the disability payments which had

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674   Document 9-4   Filed 02/01/2008   Page 8 of 17

14B FPP § 3710                                                                                    Page 8
14B Fed. Prac. & Proc. Juris.3d § 3710

accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued." Mutual Life Ins. Co. of New York v. Moyle, C.C.A.4th, 1940, 116 F.2d 434, 435 (Parker, J.).

Wright v. Mutual Life Ins. Co. of New York, C.C.A.5th, 1927, 19 F.2d 117, affirmed 1927, 48 S.Ct. 323, 276 U.S. 602, 72 L.Ed. 726.

Bowman v. Iowa State Travelers Mut. Assur. Co., D.C.Okl.1978, 449 F.Supp. 60.

Carroll v. Mutual of Omaha Ins. Co., D.C.Va.1973, 354 F.Supp. 1260.

Banks v. Travelers Ins. Co., D.C.Pa.1973, 60 F.R.D. 158.

Umbenhower v. Mutual of Omaha Ins. Co., D.C.Mo.1969, 298 F.Supp. 927.

Bullis v. National Cas. Co., D.C.Wis.1968, 285 F.Supp. 421.

Holt v. Continental Cas. Co., D.C.Ark.1965, 239 F.Supp. 281.

When the validity of disability policies was not in issue, but only the extent of the obligation of each insurer was involved, potential benefits subsequent to the filing of the complaint could not be considered in ascertaining the amount in controversy. Bree v. Mutual Benefit Health & Acc. Ass'n, D.C.Pa.1959, 182 F.Supp. 181.

Johnson v. Equitable Life Assur. Soc. of U.S., D.C.Mich.1948, 80 F.Supp. 557.

Button v. Mutual Life Ins. Co. of New York, D.C.Ky.1943, 48 F.Supp. 168 (and the cases cited therein), noted 1943, 92 U.Pa.L.Rev. 211.

Nor will the fact that the insurer must establish a reserve in excess of the jurisdictional amount against the insured's claim give jurisdiction. Mutual Life Ins. Co. of New York v. Moyle, C.C.A.4th, 1940, 116 F.2d 434, and Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C.N.Y.1937, 21 F.Supp. 166, noted 1938, 51 Harv.L.Rev. 1109.

An insured's future benefits under disability policies could not be considered when calculating the amount in controversy. The insured sought a declaratory judgment that the benefits accrued under the policies were caused by "accident" and not by "sickness," which was a purely legal determination that had no bearing on the validity of the contract as a whole. Russ v. Unum Life Ins. Co., D.C.N.J.2006, 442 F.Supp.2d 193.

Albino v. Standard Ins. Co., D.C.Cal.2004, 349 F.Supp.2d 1334 (in insurance disability dispute, future benefits cannot be considered in calculating amount in controversy when controversy centers on extent of coverage rather than validity of contract itself).

Feliberty v. Unumprovident Corp., D.C.Ill.2003, 2003 WL 22991859.

Field v. National Life Ins. Co., D.C.Fla.2001, 2001 WL 77101 (absent repudiation of insurance contract, amount in controversy is derived from amount, accrued at institution of action, insurer is alleged to have failed to pay, not total value of contract).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674   Document 9-4   Filed 02/01/2008   Page 9 of 17

14B FPP § 3710                                                                                      Page 9
14B Fed. Prac. & Proc. Juris.3d § 3710

Berlly v. U.S. Life Ins. Co., D.C.N.Y.2001, 2001 WL 40771 (when insured is seeking benefits accrued under policy, amount in controversy is determined by amount recoverable at time of action).

Gucciardo v. Reliance Ins. Co., D.C.N.Y.2000, 84 F.Supp.2d 399.

**See also**

Items to be considered in ascertaining the amount in controversy when an insurer may be liable for sums under state law include penalties, statutory damages, and punitive damages. St. Paul Reins. Co. v. Greenberg, C.A.5th, 1998, 134 F.3d 1250.

**But see**

Dunlap v. New York Life Ins. Co., D.C.Fla.1997, 958 F.Supp. 589, 591 (exception to general rule when entire contract is repudiated).

Columbian Nat. Life Ins. Co. v. Goldberg, C.C.A.6th, 1943, 138 F.2d 192, certiorari denied 64 S.Ct. 524, 321 U.S. 765, 88 L.Ed. 1062 (criticized in Keck v. Fidelity & Cas. Co. of New York, D.C.Ill.1965, 250 F.Supp. 309, affirmed C.A.7th, 1966, 359 F.2d 840).

[FN13]

**Occur**

Button v. Mutual Life Ins. Co. of New York, D.C.Ky.1943, 48 F.Supp. 168, 171 (Miller, J.).

[FN14]

**Cancel**

Guardian Life Ins. Co. of America v. Muniz, C.A.11th, 1996, 101 F.3d 93 (amount in controversy is policy's face value even though insured is still alive).

Massachusetts Cas. Ins. Co. v. Harmon, C.A.6th, 1996, 88 F.3d 415 (since insurer sought rescission of policy based on defendant's misrepresentations, validity of contract is at issue and future potential benefits may be considered).

Duderwicz v. Sweetwater Sav. Ass'n, C.A.5th, 1979, 595 F.2d 1008, 1014, **citing Wright, Miller & Cooper** (dictum).

Franklin Life Ins. Co. v. Johnson, C.C.A.10th, 1946, 157 F.2d 653.

Mutual Benefit Health & Acc. Ass'n v. Fortenberry, C.C.A.5th, 1938, 98 F.2d 570.

New York Life Ins. Co. v. Kaufman, C.C.A.9th, 1935, 78 F.2d 398, certiorari denied 56 S.Ct. 149, 296 U.S. 626, 80 L.Ed. 445.

Jensen v. New York Life Ins. Co., C.C.A.8th, 1931, 50 F.2d 512, certiorari denied 53 S.Ct. 80, 287 U.S. 626, 77 L.Ed. 543.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674    Document 9-4    Filed 02/01/2008    Page 10 of 17

14B FPP § 3710                                                                              Page 10
14B Fed. Prac. & Proc. Juris.3d § 3710

American Franklin Life Ins. Co. v. Galati, D.C.Pa.1991, 776 F.Supp. 1054.

Button v. Mutual Life Ins. Co. of New York, D.C.Ky.1943, 48 F.Supp. 168.

**Compare**

Morris v. Franklin Fire Ins. Co. of Philadelphia, C.C.A.9th, 1942, 130 F.2d 553 (reformation of policy).

**See also**

Lenox v. S. A. Healy Co., D.C.Md.1978, 463 F.Supp. 51.

Albino v. Standard Ins. Co., D.C.Cal.2004, 349 F.Supp.2d 1334 (in insurance disability dispute, future benefits can be considered in calculating amount in controversy when plaintiff alleges tortious breach of covenant of good faith and fair dealing and state insurance law allows award of future policy benefits as compensatory damages if plaintiff prevails).

**But see**

In Jefferson v. Liverpool & London & Globe Ins. Co., D.C.Cal.1958, 167 F.Supp. 389, the plaintiff brought suit for a declaratory judgment that the insurer was not entitled to cancel the plaintiff's insurance policy on a house. The court held that since there was no underlying claim, the monetary amount for which the insurer might become liable was too speculative and hence jurisdiction was lacking.

Feliberty v. Unumprovident Corp., D.C.Ill.2003, 2003 WL 22991859 (declaratory judgment action to clarify insurer's future obligations in 2005 too speculative to support jurisdiction).

[FN15]

**Face value**

Massachusetts Cas. Ins. Co. v. Harmon, C.A.6th, 1996, 88 F.3d 415.

Waller v. Professional Ins. Corp., C.A.5th, 1961, 296 F.2d 545.

When the relief sought in a diversity action by an insurer against the insured under fire policies is a declaration of the validity or invalidity of the policies, the face value of the policies determines the amount in controversy. Home Ins. Co. of New York v. Trotter, C.C.A.8th, 1942, 130 F.2d 800.

Ballard v. Mutual Life Ins. Co. of New York, C.C.A.5th, 1940, 109 F.2d 388.

Bell v. Philadelphia Life Ins. Co., C.C.A.4th, 1935, 78 F.2d 322.

In re Prudential Ins. Co. of America Sales Practices Litigation, D.C.N.J.1997, 962 F.Supp. 450, 503, affirmed in part, remanded in part on other grounds C.A.3d, 1998, 133 F.3d 225.

When the defendant corporation contended that the voluntary dissolution of its predecessor ended the defendant's obligations on a retirement contract, the validity of the contract itself was in issue and the value of the contract rather than the value of the accrued payments was the measure of the amount in controversy. Stollings v. Princess Coals, Inc., D.C.W.Va.1969, 297 F.Supp. 604.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674   Document 9-4   Filed 02/01/2008   Page 11 of 17

14B FPP § 3710                                                                                          Page 11
14B Fed. Prac. & Proc. Juris.3d § 3710

However, if the plaintiff sues for accrued payments and the defendant answers by denying the validity of the policy because, for example, of false answers given by the plaintiff in his application, the amount in controversy is determined by the plaintiff's claim and hence is measured by the accrued payments, even though the validity of the entire policy is at issue. See, e.g., Umbenhower v. Mutual of Omaha Ins. Co., D.C.Mo.1969, 298 F.Supp. 927. See, however, the discussion of the effect of counterclaims in determining the amount in controversy in § 3706.

Rydstrom v. Massachusetts Acc. Co., D.C.Md.1938, 25 F.Supp. 359.

The amount of a reserve that the insurer will be required to establish in the event that the policy remains in force also has been used to measure the amount in controversy in actions for a declaration as to the validity of an insurance policy. Thorkelson v. Aetna Life Ins. Co., D.C.Minn.1934, 9 F.Supp. 570.

In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, C.A.8th, 2003, 346 F.3d 830.

Slover v. Equitable Variable Life Ins. Co., D.C.Okl.2006, 443 F.Supp.2d 1272.

State Farm Fire & Cas. Co. v. Domaika, D.C.Alaska 2005, 2005 WL 1719265, **quoting Wright, Miller & Cooper.**

Crag Burn Village Ass'n, Inc. v. Federal Ins. Co., D.C.N.Y.2005, 2005 WL 600342.

Allstate Ins. Co. v. Kenney, D.C.Pa.2003, 2003 WL 22316776.

Wolfe v. Lincoln Gen. Ins. Co., D.C.Ohio 2002, 2002 WL 484638.

Plaintiff's claim, seeking "$33,355.00 plus such further commissions that come due as of the date of trial, with the right to sue for additional commissions as they come due over the life of the $17.5 million dollar (sic) Navy contract," satisfied the amount in controversy requirement because a determination of the value of the entire contract, including whether the plaintiff will be entitled to future commissions, created a controversy with a potential recovery of greater than $75,000. Lien v. H.E.R.C. Products, Inc., D.C.Va.1998, 8 F.Supp.2d 531.

**See also**

Beacon Constr. Co. v. Matco Elec. Co., C.A.2d, 1975, 521 F.2d 392.

An insurer's declaratory judgment suit to determine its duty to defend and indemnify an insured who had been sued in a state tort action exceeded the amount in controversy even though the plaintiff in the underlying action had not specifically pled the damages it sought. The court held that the amount in controversy was not equal to the insured's liability; rather, if the policy limit is relatively high, when added to the expense of defending the suit, attorneys' fees and exemplary damages, the amount in controversy is met. Monticello Ins. Co. v. Patriot Sec., Inc., D.C.Tex.1996, 926 F.Supp. 97.

Darbet, Inc. v. Bituminous Cas. Corp., D.C.W.Va.1992, 792 F.Supp. 487, **citing Wright, Miller & Cooper** (in declaratory judgment action calling into question validity of insurance contract, amount in controversy is face value amount of policy-but rule is different when question is applicability of policy to particular occurrence, in which case amount in controversy is value of underlying claim and not face value amount of policy).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674   Document 9-4   Filed 02/01/2008   Page 12 of 17

14B FPP § 3710                                                                                          Page 12
14B Fed. Prac. & Proc. Juris.3d § 3710

Squalls v. Union Fidelity Life Ins. Co., D.C.Ill.1977, 437 F.Supp. 971 (action for breach of $10,000 insurance policy and for "further and other relief" does not meet removal jurisdiction requisite amount and cannot be amended to do so).

Hartford Ins. Group v. Lou-Con Inc., C.A.5th, 2002, 293 F.3d 908, **quoting Wright, Miller & Cooper.**

Poynot v. Hicks, D.C.La.2002, 2002 WL 31040174.

**But compare**

Budget Rent-A-Car, Inc. v. Higashiguchi, C.A.9th, 1997, 109 F.3d 1471 (maximum liability is relevant to determining amount in controversy only if validity of entire insurance policy is at issue), **citing Wright, Miller & Cooper.**

**But see**

Coregis Ins. Co. v. Schuster, D.C.Pa.2001, 127 F.Supp.2d 683 (in declaratory action on insurance contract, amount in controversy is determined by value of underlying legal claims for which insurance coverage is sought and is not restricted by policy limits).

Burlington Ins. Co. v. Valencia Co., D.C.Tex.2001, 200 F.R.D. 283 (amount in controversy satisfied in insurer's declaratory judgment action to determine its duty to defend and indemnify insured in underlying state court action despite insured's claim that insurance contract limits potential liability to $50,000, given that amount of indemnification, costs, and potential statutory remedies in state action could reasonably meet $75,000 jurisdictional minimum).

[FN16]

**Existing claim**

Home Ins. Co. of New York v. Trotter, C.C.A.8th, 1942, 130 F.2d 800.

[FN17]

**Apparently**

Budget Rent-A-Car, Inc. v. Higashiguchi, C.A.9th, 1997, 109 F.3d 1471 (maximum liability is relevant to determining amount in controversy only if validity of entire insurance policy is at issue), **citing Wright, Miller & Cooper.**

In Sears, Roebuck & Co. v. American Mut. Liability Ins. Co., C.A.7th, 1967, 372 F.2d 435, a declaratory judgment action was brought against the insurer to determine the insurer's obligation to defend and to pay any judgment rendered against the plaintiff-retailer. The court stated that when it appeared probable that the retailer would be held liable for more than $10,000 in a pending suit by a thermal underwear purchaser for injuries sustained when the underwear burst into flames, there was no legal certainty that the retailer could not in turn recover from the manufacturer's insurer.

When additional insurance payments are needed to reach the required amount, and said payments would be made prior to trial, the amount requirement is satisfied. Massachusetts Cas. Ins. Co. v. Rossen, D.C.Cal.1996,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674    Document 9-4    Filed 02/01/2008    Page 13 of 17

14B FPP § 3710                                                                                          Page 13
14B Fed. Prac. & Proc. Juris.3d § 3710

953 F.Supp. 311.

In a declaratory judgment action brought by an insurer to determine liability coverage for a claim, the total value of the $100,000 policy would be used to satisfy the amount-in-controversy unless the claimants, who had not yet answered, were to file an answer stating unequivocally that they did not seek damages in excess of $50,000 and would not accept a verdict in excess of $50,000. Cotton States Mut. Ins. Co. v. Peacock, D.C.Ala.1996, 949 F.Supp. 823.

Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, Inc., D.C.Ill.1994, 846 F.Supp. 677, affirmed C.A.7th, 1994, 39 F.3d 138.

In an action by an insurer for a judgment declaring it is relieved of any obligation to the insured, the court found the amount in controversy requirement satisfied even though the insured did not seek to recover the maximum under the policy by only $50,000 plus costs. "The court cannot conclude that the jurisdictional requirement is not met in this case as the policy limit is over $50,000 and [plaintiff] remains free to amend her motion to seek a judgment of more than the jurisdictional minimum." Allstate Ins. Co. v. Brown, D.C.Va.1990, 736 F.Supp. 705.

Morgan v. Liberty Mut. Ins. Co., D.C.S.C.1966, 261 F.Supp. 709.

In Pennsylvania Ins. Co. v. Allstate Ins. Co., D.C.Va.1964, 226 F.Supp. 99, the plaintiff insurance company brought suit against the defendant insurance company for a declaratory judgment that the defendant also was liable to the insured for a particular loss. The policy of each insurer provided that its liability for any loss could not be greater than that proportion of the loss that the applicable limit of liability bore to the total applicable limit of liability of all valid and collectible insurance. The applicable limit of liability for each insurer was $10,000. The district court stated that if the injured party were to collect more than $20,000 from the insured and both companies were liable, then each company would pay one-half the costs plus $10,000. Hence, if the defendant were not liable, the plaintiff could lose only one-half the costs. If the judgment were less than $20,000, such as $19,500, each company would pay $9,750 plus one-half the costs if both companies were liable. If the defendant were not liable, the plaintiff could lose only the difference between $9,750 and $10,000 plus one-half the costs. Thus, the court concluded that from the plaintiff's viewpoint, the requisite amount did not exist. Nevertheless, the court upheld jurisdiction on the ground that from the viewpoint of the defendant, the jurisdictional amount was present. Considering the amount from the defendant's viewpoint, moreover, the court appears to have based its determination on the value of the underlying claim.

The jurisdictional requirement for a railroad's action based on diversity of citizenship for a declaratory judgment that its insurer was obligated to defend was met when $37,000 in damages was sought by an employee from the insured railroad company. Stichman v. Michigan Mut. Liability Co., D.C.N.Y.1963, 220 F.Supp. 848.

Queen Ins. Co. of America v. Basham, D.C.Tenn.1962, 201 F.Supp. 733.

A case brought by an insurer seeking a declaration that it was entitled to recover from another insurer half of $6,000 for which it had settled a suit did not meet the $10,000 requirement, although the policy limits exceeded $10,000. Continental Cas. Co. v. Aetna Cas. & Sur. Co., D.C.Pa.1961, 200 F.Supp. 528.

Allstate Ins. Co. v. Dillard, D.C.Pa.1960, 190 F.Supp. 111.

Aetna Cas. & Sur. Co. v. De Maison, D.C.Pa.1953, 114 F.Supp. 106, reversed on other grounds C.A.3d, 1954, 213 F.2d 826.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674    Document 9-4    Filed 02/01/2008    Page 14 of 17

14B FPP § 3710                                                                                    Page 14
14B Fed. Prac. & Proc. Juris.3d § 3710

Security Ins. Co. v. Jay, D.C.Minn.1952, 109 F.Supp. 87.

Trinity Universal Ins. Co. v. Woody, D.C.N.J.1942, 47 F.Supp. 327.

Associated Indem. Corp. v. Garrow Co., D.C.N.Y.1941, 39 F.Supp. 100, affirmed C.C.A.2d, 1942, 125 F.2d 462.

Hartford Ins. Group v. Lou-Con Inc., C.A.5th, 2002, 293 F.3d 908, **quoting Wright, Miller & Cooper.**

Toler v. State Farm Mut. Auto. Ins. Co., C.A.4th, 2001, 25 Fed.Appx. 141 (court should look to value of claim against insurer, rather than policy limits of coverage to determine amount in controversy).

In an action for declaratory judgment brought by an insurer to determine whether it will be required, under the policy, to indemnify a potential punitive damages award against the insured, the court will consider punitive damages in calculating the value of the underlying claim when state law allows punitive damages. Hartford Ins. Co. of Midwest v. Wyllie, D.C.Mo.2005, 2005 WL 902776, **quoting Wright, Miller & Cooper.**

**But see**

The amount requirement was satisfied when the policy in question had a limit of $500,000, and the underlying claim involved an amount of more than $35,000, in addition to a contingent liability. Coregis Ins. Co. v. McCollum, D.C.Fla.1997, 955 F.Supp. 120.

Although the disability claim made by the defendant was less than the amount in controversy requirement, the requirement was satisfied because the policy limit exceeded $50,000 and the defendant could make future claims on the policy. Prudential Ins. Co. v. Thomason, D.C.Utah 1994, 865 F.Supp. 762.

Allstate Ins. Co. v. Brown, D.C.Va.1990, 736 F.Supp. 705.

[FN18]

**Maximum limit**

Queen Ins. Co. of America v. Basham, D.C.Tenn.1962, 201 F.Supp. 733.

U.S. Fidelity & Guaranty Co. v. Lehigh Valley Ice Cream, Inc., D.C.Pa.2004, 2004 WL 741365.

Westport Ins. Corp. v. Law Offices of Marvin Lundy, D.C.Pa.2004, 2004 WL 555415.

**But see**

C. E. Carnes & Co. v. Employers' Liability Assur. Corp., C.C.A.5th, 1939, 101 F.2d 739. As pointed out in Queens Ins. Co. of America v. Basham, cited above, 201 F.Supp. at 736, the basis of decision in the Carnes case is unclear because it seems certain that the underlying claims exceeded the jurisdictional amount.

Aetna Cas. & Sur. Co. v. Yeatts, C.C.A.4th, 1938, 99 F.2d 665.

Travelers Ins. Co. v. Young, D.C.N.J.1937, 18 F.Supp. 450.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674   Document 9-4   Filed 02/01/2008   Page 15 of 17

14B FPP § 3710                                                                                                   Page 15
14B Fed. Prac. & Proc. Juris.3d § 3710

**See also**

Hartford Ins. Group v. Lou-Con Inc., C.A.5th, 2002, 293 F.3d 908.

[FN19]

**Declaration of noncoverage**

Allstate Ins. Co. v. Dillard, D.C.Pa.1960, 190 F.Supp. 111.

[FN20]

**Basham case**

D.C.Tenn.1962, 201 F.Supp. 733.

[FN21]

**Circumstances**

201 F.Supp. at 734 (Brown, J.).

[FN22]

**Small claims**

201 F.Supp. at 737.

[FN23]

**Attorney fees**

This contention was rejected in Aetna Cas. & Sur. Co. v. Yeatts, C.C.A.4th, 1938, 99 F.2d 665, 668, in which the court stated: "[I]t will necessarily be determined thereby that the Surety Company has no obligation to indemnify him in the event of an adverse decision; and since its obligation to indemnify, if found to exist, extends to the sum of $5,000, the amount in controversy is sufficient." (Soper, J.)

[FN23.1]

**Proposed revision**

"Many decisions in this and other circuits count the potential outlay for indemnity toward the amount in controversy, whether or not adjudication about indemnity should be deferred until the state case is over." Meridian Sec. Ins. Co. v. Sadowski, C.A.7th, 2006, 441 F.3d 536, 539 (Easterbrook, J.) (suggesting revision to **Wright, Miller & Cooper** given that judges in Northern District of Illinois recently had "swallowed the bait" and adopted contrary rule).

[FN24]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

14B FPP § 3710                                                                              Page 16
14B Fed. Prac. & Proc. Juris.3d § 3710

**Supreme Court**

See Aetna Cas. & Sur. Co. v. Flowers, 1947, 67 S.Ct. 798, 330 U.S. 464, 91 L.Ed. 1024, noted 1948, 36 Calif.L.Rev. 124.

Unconditional future payments may be included when establishing the amount in controversy. Williams v. Aetna Cas. & Sur. Ins. Co., D.C.Md.1980, 487 F.Supp. 44.

**See also**

Nelson v. Victory Elec. Works, Inc., C.A.4th, 1964, 338 F.2d 994.

In order to be included in an amount in controversy computation, future payments must be certain and unconditional. Disability benefits, which are totally dependent on the plaintiff's future physical condition, do not meet this test. Lenox v. S.A. Healy Co., D.C.Md.1978, 463 F.Supp. 51.

Hook v. Conseco Life Ins. Co., D.C.Cal.2004, 2004 WL 1376519.

[FN25]

**Aetna case**

1947, 67 S.Ct. 798, 330 U.S. 464, 91 L.Ed. 1024, noted 1948, 36 Calif.L.Rev. 124.

[FN26]

**Tennessee statute**

The statutes at the time were Tenn. Code §§ 6852, 6880, 6881, 6883, 6891, 6893.

[FN27]

**Different rules**

The substantive rules on this point are discussed in McCormick, Damages, 1935, § 158. A similar analysis applies to a permanent nuisance. Id. at § 127.

[FN28]

**Weinberger case**

1975, 95 S.Ct. 1225, 1230 n. 10, 420 U.S. 636, 642 n. 10, 43 L.Ed.2d 514.

**Present value**

In an action to compel a state to use a different standard of need in calculating welfare benefits for dependent children, the amount in controversy is the present value of the additional future benefits that would accrue under the different standard. Martinez v. Maher, D.C.Conn.1980, 485 F.Supp. 1264.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00674   Document 9-4   Filed 02/01/2008   Page 17 of 17

14B FPP § 3710                                                                                                    Page 17
14B Fed. Prac. & Proc. Juris.3d § 3710

Folsom v. Blum, D.C.N.Y.1980, 87 F.R.D. 443.

**See also**

Sarnoff v. American Home Prods. Corp., C.A.7th, 1986, 798 F.2d 1075, citing Wright, Miller & Cooper, on remand D.C.Ill.1987, 666 F.Supp. 137.

[FN29]

**"Trust fund" theory**

See, e.g., Moore v. Betit, C.A.2d, 1975, 511 F.2d 1004.

© 2007 Thomson/West

14B FPP § 3710

END OF DOCUMENT