IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA FINEGAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:08-cv-00674<br><br>**Hon. Virginia M. Kendall**<br>**Magistrate Judge Maria Valdez** |

### DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### I.   INTRODUCTION

Shortly after placing the full value of the claim at issue by making a $215,000 demand in writing, Plaintiff Patricia Finegan ("Plaintiff") contests Defendant The Prudential Insurance Company of America's ("Prudential") right to removal based on same. Plaintiff's motion fails to address -- let alone rebut -- the case law relied upon by Prudential and raises a frivolous timeliness argument, *inter alia*, relying on a withdrawn local rule.[1]

It is evident on the face of her motion that Plaintiff fails to raise a valid objection to this Court's jurisdiction over the present matter based on her settlement demand in the amount of $215,000 -- clearly in excess of the jurisdictional limit.  Plaintiff's motion to remand should be denied and this Court should assume jurisdiction over this matter.

---

[1] That not being enough, the Local Rule cited by Plaintiff is indeed former Local Rule 81.2 as opposed to "3" as indicated by Plaintiff.

## II.   FACTUAL BACKGROUND

As already outlined in Prudential's petition for removal, Plaintiff commenced this action by filing and then serving a copy of the Summons and Complaint on the Illinois Department of Financial and Professional Regulation, Insurance Division on October 5, 2007. (A true and correct copy of the Summons and Complaint was attached to Prudential's removal petition as **Exhibit A.**)  The Complaint seeks an award of long term disability benefits and undetermined damages allegedly arising out of Prudential's denial of Plaintiff's claim under a group insurance policy issued to the Chicago Board of Education with long term disability benefits underwritten by Prudential.  Plaintiff also seeks a declaratory judgment as to Plaintiff's continued entitlement to disability benefits under the Policy and an award of a statutory penalty and attorneys' fees under Section 155 of the Illinois Insurance Code. The Complaint does not specifically set forth the amount of any relief sought and was not removable on its face.  *See Atteberry v. Esurance Ins. Serv.,* 473 F. Supp. 2d 876 (N.D. Ill. 2007). Prudential denies that it is liable to Plaintiff for any of the relief sought in the Complaint.

On or about January 16, 2008, counsel for Prudential received e-mail correspondence from Plaintiff's counsel Mark D. DeBofsky, confirming that Plaintiff seeks the entire value of the Policy by requesting a lump sum payment of $215,000 in settlement of this matter. Given that Plaintiff has unmistakably placed the entire value of the claim at issue with her lump sum demand of $215,000, Prudential removed this matter to this Court on January 30, 2008 [Docket #1] in accordance with 28 U.S.C. §1446(b).  On February 1, 2008, Plaintiff filed her motion to remand this matter to state court and for attorneys' fees.  [Docket #7]. Plaintiff's motion is meritless as to the alleged defects in the removal as well as to her request for attorneys' fees and it should be denied in its entirety.

### III.    LEGAL ARGUMENT

A.    **This Court Has Jurisdiction Over This Matter Under 28 U.S.C. §1132.**

It appears that Plaintiff concedes that the amount in controversy indeed exceeds $75,000, as evidenced by her settlement demand for $215,000, yet that Plaintiff believes that somehow, her settlement demand is not a proper basis for this Court's jurisdiction.  Plaintiff is wrong.

Indeed, it is settled law within this Circuit and several other circuits that a written settlement demand is a "paper" triggering a defendant's right to removal within the terms of 28 U.S.C. §1446(b) [2]  and that objections exactly like the ones made here by Plaintiff fail to justify remand. *See Morrow v. DaimlerChrysler Corp.*, 451 F. Supp. 2d 965 (N.D. Ill. 2006); *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007) (Court explained that "other paper" had been judicially developed, specifically identifying settlement demands to qualify based on *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) ("Holding that a post-complaint letter, which is not plainly a sham, may be 'other paper' under Section 1446(b) is consistent with the purpose of the removal status to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit.")); *Deel v. Metromedia Rest. Servs.*, No.: 3:05cv120/MCR, 2006 U.S. Dist. LEXIS 10174 (N.D. Fla. Feb. 27, 2006); *LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839 (S.D. Iowa 2005) (in a case involving a claim for long term disability benefits under a group insurance policy underwritten by Prudential, removal based on interrogatory answer was untimely when previous settlement letter already indicated that more than the jurisdictional limit was demanded by Plaintiff.); *Efford v. Milam*, 368 F. Supp.

---

[2]28 U.S.C. §1446(b) reads in pertinent part:

…If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, though service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it first be ascertained that the case is one which is or has become removable[.] … 28 U.S.C. §1446(b)

3

2d 380, 385 (E.D. Pa. 2005); *Kreinbring v. Alternative Claims Serv, Inc.*, 2004 U.S. Dist. LEXIS 10025 (N.D. Iowa May 27, 2004) ("The demand letter demanded one-hundred fifty thousand dollars in damages and was sufficient to trigger the 30-day time period. Since Defendant's Notice of Removal was not filed within thirty days of receipt of the demand letter, the Notice of removal was not timely and therefore removal was improper."); *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 200-201 (D. Conn. 2004) ("Although the Second Circuit has not addressed this issue, most courts have held - and this Court agrees - that Section 1446(b) is not limited to papers filed in litigation and that the reference to 'other paper' in the statute can include pre-removal correspondence between the parties, including, as here, settlement offers."); *Hall v. Delta Air Lines, Ins.*, 340 F. Supp.2d 596, 599 (D. V.I. 2004) ("Correspondence between counsel, including a settlement demand letter, may constitute an 'other paper' upon which removability can be based under Section 1446(b)."); *Archer v. Kelly*, 271 F. Supp.2d 1320, 1322 (N.D. Okla. 2003) (finding a demand letter disclosing plaintiff's damages exceed the jurisdictional minimum was sufficient proof of the amount in controversy, regardless of the fact that defendant rejected the offer); *Martin v. Mentor*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendants may use a variety of documents, including a written settlement demand, as an 'other paper' under 28 U.S.C. §1446(b) to determine if the case is removable."); *Essenson v. Coale*, 848 F. Supp. 987, 989 (M.D. Fla. 1994).

      Especially instructive as exactly on point is the Iowa district court's decision in *LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839 (S.D. Iowa 2005). *LaPree* involved the question of removal based on a settlement demand requesting the value of the plaintiff's entire claim for disability benefits under a group long term disability policy not governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* -- just like the

present matter. In *LaPree*, the complaint was silent on the amount in controversy in accordance with Iowa law. Past due benefits at the time of filing of the complaint did not exceed $75,000.00. Shortly after the onset of litigation, Prudential received several settlement demands, each requesting payment of the entire value of the disability claim at issue in an amount by far exceeding the jurisdictional amount of $75,000 -- just like in the present matter. Prudential subsequently served discovery responses requesting the plaintiff to specify her damages and the plaintiff's response referred Prudential to her latest settlement demand sent to Prudential while the discovery responses were pending. As such, Prudential removed the matter to federal court within thirty days of receipt of the answers to its written discovery and within thirty days of receipt of the latest settlement demand. The plaintiff moved to remand on the basis that the removal was untimely as it should have occurred within thirty (30) days of Prudential's receipt of the initial settlement demand, asking for an amount in excess of $75,000. The Court agreed with the plaintiff and remanded the matter as Prudential failed to remove within 30 days after receipt of the first settlement demand seeking payment of the entire claim value in excess of $75,000.00, holding expressly:

> The purpose of § 1446(b) is to commence the running of the thirty-day removal period as soon as the defendant has received requisite written notice that the case is removable. That information will necessarily vary from case-to-case. This case-by-case approach, in lieu of a bright line rule, is in keeping with the wide discretion the statute allows the district court in determining whether the removal procedure has properly been followed. In the present case, LaPree's first demand letter asked for an amount above the jurisdictional minimum. Although each subsequent demand letter indicated LaPree was willing to settle the case for less than the previous offer, each settlement offer was in excess of the jurisdictional minimum. It defies reason to suggest Prudential did not have the necessary jurisdictional facts after receiving the September 15, 2004, demand letter which set forth all applicable offsets, if not earlier.

*Id.* at 849.

Just like the plaintiff in *LaPree,* Plaintiff disclosed her damages to exceed the jurisdictional

5

462786.1

limit by asking for payment of the entire claim in settlement of this matter -- thereby placing her entire long term disability coverage and the value of the policy at issue. Plaintiff's demand removed any uncertainty as to whether she claims or seeks future benefits -- either under a repudiation theory or otherwise -- as well as their potential nature by requesting payment of same for purposes of settlement in exchange for her dismissal of the lawsuit against Prudential. By Plaintiff's own admission, a dismissal and resolution of this lawsuit would "cost" Prudential $215,000, clearly providing this Court with jurisdiction over this matter.

Plaintiff's motion to remand should be denied and this Court should assume jurisdiction over this matter.

**B.    Prudential's Notice Of Removal Was Neither Untimely Nor Deficient Pursuant To This Court's Local Rules**

Surprisingly, Plaintiff claims that Prudential should have removed within thirty (30) days of being served with Plaintiff's Complaint. As Plaintiff's Complaint was not removable on its face this argument is meritless, at best. As pleaded with specificity in Prudential's notice of removal, receipt of Plaintiff's settlement demand asking for $215,000 rendered this lawsuit removable and in accordance with 28 U.S.C. 1446(b), Prudential removed within 30 days of service of receipt of this "other paper" triggering this court's jurisdiction. Prudential's notice of removal was unequivocally timely and Plaintiff's argument to the contrary should be rejected.

Similarly rejected should be Plaintiff's attempt to discredit Prudential's removal based on "Local Rule 3 of the United States District Court for the Northern District of Illinois." Local Rule 3 does not exist; yet, presumably, Plaintiff refers to the former Rule 81.2, which as of April 25, 2005 is withdrawn with the following Committee comment:

> ***Committee Comment.*** The rule is withdrawn. It imposes burdens on the manner in which lawyers practice in state courts without significant benefit and without clear authority to do so.

6

462786.1

As such, Plaintiff's argument based on "Local Rule 3" fails and Prudential properly removed this matter in accordance with 28 U.S.C. §1446(b).

**C.　　Plaintiff's Request For Attorneys' Fees Must Be Rejected.**

Aside from talking out of both sides of her mouth seeking $215,000 in settlement of this matter while at the same time claiming that somehow that is not sufficient to confer jurisdiction onto this Court, Plaintiff also seeks her fees under 28 U.S.C. §1447(C). Attorneys' fees under Section 1447(C) may only be awarded where (a) a remand is successful and (b) the defendant "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711 (2005); *Badal v. Hinsdale Mem. Hosp.*, 41 Employee Benefits Cas. (BNA) 1787 (N.D. Ill. May 8, 2007).

In light of Plaintiff's settlement demand of $215,000 and the clear case law that settlement demands qualify as "other paper" as a basis for removal within the meaning of 28 U.S.C. §1446(b), it can hardly be said that Prudential lacked an objectively reasonable basis for seeking removal. Prudential's removal was further unquestionably timely. Indeed, Plaintiff's blanket request for fees does not even attempt to spell out why in light of the case law in this Circuit and other circuits as cited in Prudential's notice of removal, Prudential's removal based on her settlement demand of $215,000 would lack an objectively reasonable basis. Instead, she appears to argue that she would always be entitled to her fees in case of a remand. Plaintiff's position has expressly been rejected by the Supreme Court and this Court. *See Martin, supra; Badal, supra; Leto v. RCA Corp.,* 341 F. Supp. 2d 1001, 1007 (N.D. Ill. 2004); *Castellanos v. U.S. Long Distance Corp.,* 928 F. Supp. 753 (N.D. Ill. 1996) (denying Plaintiff's fee request because the case "involve[d] complex issues and defendants ha[d] presented a substantial jurisdictional question." *Id*. at 757.).

7

Prudential raised a valid removal argument, presenting the question whether the case law allowing removal based on a settlement demand also applies in a case involving long term disability benefits under a group insurance policy. *LaPree* held that it does. This Court should also follow that precedent. Yet, even if it does not, that does not justify an award of fees to Plaintiff.

## IV.     CONCLUSION

Plaintiff's motion to remand should be denied as Plaintiff failed to raise viable arguments against the jurisdiction of this court and the sufficiency of Prudential's notice of removal. Prudential's removal of this action from the Circuit Court of Cook County was timely and proper as a matter of law. As such, there is also no basis for Plaintiff's request for attorneys' fees.

WHEREFORE, Prudential respectfully requests that this Court enter an order denying Plaintiff's request for remand and attorneys' fees and awarding Prudential such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant**

By:   */s/ Edna S. Bailey*
         One of its attorneys

Daniel J. McMahon
Edna S. Bailey
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550
(312) 704-1522
edna.bailey@wilsonelser.com

462786.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on February 4, 2008, a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following:

***Attorney for Plaintiff***
Mark D. DeBofsky
Gregory A. Benker
Daley, DeBofsky & Bryant
55 West Monroe Street
Suite 2440
Chicago, IL 60603
(312) 372-5200
Email: mdebofsky@ddbchicago.com

Parties may access this filing through the Court's system.

                                             */s/ Edna S. Bailey*
                                             Edna S. Bailey

462786.1