# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 674 | **DATE** | 4/18/2008 |
| **CASE TITLE** | Finegan vs. The Prudential Insurance Company of America | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's Motion to Remand [7] is denied. Parties are to appear for a Status hearing on 4/24/2008 at 9:00 AM.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Defendant The Prudential Insurance Company of America ("Prudential") removed a common law breach of contract claim from the Circuit Court of Cook County, Illinois to the Northern District of Illinois on the basis of diversity jurisdiction. Plaintiff, Patricia Finegan ("Finegan"), moves to remand her case to state court. For the reasons stated herein, Finegan's Motion to Remand is denied.

Finegan filed a breach of contract claim in relation to the termination of Prudential's payment of long term disability benefits to the Plaintiff, Patricia Finegan ("Finegan"). Removal from state court to federal court is when 1) the plaintiff properly commenced the action in state court and 2) the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *see also Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 248 (7th Cir. 1981). A federal court has original jurisdiction where diversity of citizenship exists among all parties and the amount in controversy exceeds $ 75,000. 28 U.S.C. 1332(a)(1); *see also Clemons v. Ferolito, Vultaggio & Sons, et al.*, No. 03 C 2989, 2004 U.S. Dist. LEXIS 1369, at *3 (N.D. Ill. Feb. 2, 2004). "The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal." *Peirick*, 2005 U.S. Dist. LEXIS 18990, *5, 2005 WL 2171184, at *2. To remove a case, defendants need only "set out the basis of federal jurisdiction and prove any contested factual allegation." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir.2006).

In addition to jurisdictional pre-requisites, defendants must comply with the procedures outlined in § 1446 to successfully remove a case to federal court. 28 U.S.C. § 1446. Specifically, defendants must file a notice of removal within 30 days from service of the complaint or if "the initial pleading is not removable … within thirty days after receipt … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertainable that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Diversity Jurisdiction

## STATEMENT

Prudential relies on diversity jurisdiction for removal of Finegan's claim to federal court. Prudential successfully established the first prong of diversity jurisdiction: it is undisputed that complete diversity exists between the parties. Regarding the second prong, i.e. establishing that the amount in controversy exceeds $75,000, the disputed amount is not apparent from the complaint. *See Schacht v. Ethicon*, 881 F. Supp. 348, 349 (N.D. Ill. 1995) (remanding case for fact finding where amount in controversy was not obvious from the complaint). Because the jurisdictional amount was not obvious from the Complaint, Prudential did not seek to remove the matter within 30 days of service, but instead, sought removal on the basis of 28 U.S.C. § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

Prudential argues that removal is proper because it received "other paper," namely, Finegan's settlement demand in the amount of $215,000, which sets forth a basis for meeting the jurisdictional amount. Finegan opposes removal arguing that the $215,000 settlement demand includes demands for potential future payments that this Court could not legally award as part of her claim. Mtn. Remand, p. 3. Finegan calculates a total of $58,193 for past due benefits along with interest, fees, and costs at the time Prudential sought removal and argues that potential future benefits should not be included in any factual determination of the value of the case. Mtn. Remand, p. 6.

When the plaintiff's complaint does not establish the amount in controversy, defendants can point to relevant contentions or admissions, settlement demands, and other evidence. *Id*. at 541-42. Accordingly, Finegan's settlement demand letter suffices as "other paper" triggering the notice provision under §1446(b) and serves as a factual basis for federal jurisdiction.[1]

Although Finegan demands $215,000 to settle her claim, she urges the Court to remand the proceedings because the demand includes claims that she would not be entitled to seek in Court– namely, potential future benefit claims. However, Finegan's claim not only seeks past-due payments with interest, it also seeks attorneys fees, costs, penalties for vexatious and unreasonable behavior, and also, a declaratory judgment as to benefits for which the defendant may become liable *in the future*. Cplt.; *see also* Finegan Mtn. Remand, p. 2 (emphasis added.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, the object of the litigation, as evidenced by Finegan's demand and her arguments in her Motion to Remand, is not only past-due amounts, but also the entire value of the policy including future payments.

Finegan has assessed the value of her claim at $215,000. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997), *abrogated on other grounds*, *Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006); (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *See Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("great weight" should be given to the plaintiff's assessment of value when determining removal jurisdiction). When considering whether the jurisdictional threshold has been met, the aim is not to show what the plaintiff is likely to collect. *Id*;. citing *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir.2005). Rather, the goal is to determine the cost or value of complying with the plaintiff's demands, from either party's perspective. *Id*. at 542. Here, Finegan's

**STATEMENT**

demand shows that the cost or value of complying with her demands is $215,000– well over the jurisdictional amount of $75,000. Prudential has put forth a basis of federal jurisdiction and Finegan's Motion to Remand is denied.

1. Prudential filed its notice of removal within 30 days of receiving Finegan's settlement demand fulfilling, and thus, its motion is timely.